By the Court, J. C. Smith, J.
If the liability of a husband for necessaries furnished to his wife rested solely on the ground of an agency in fact, express or implied, it would be somewhat difficult to sustain the report of the referee in this case. Although, during cohabitation, the assent of the husband to all contacts of the wife for necessaries is presumed unless the contrary appears, yet the presumption is liable to be rebutted; and if before the purchase, the husband forbids the wife to trade on his account, and this fact is brought home to the knowledge of the party contracting with her, there is in that case no room for such presumption. In the case at bar, the evidence shows without contradiction that the defendant’s wife and children to whom the goods in question were delivered, had been previously forbidden by him to trade upon his credit, and there is no evidence that he subsequently knew of the purchase, until he was called on for pay, or that he in any manner ratified or assented to it. It also appeared by the testimony of the defendant that he had notified the merchants trading at Wolcott not to charge goods to him. It is not shown at what time this notice was given, but the inference is irresistible, that it whs before the plaintiff opened a store there, which was in April, 1860, as the defendant *560 <cdid not know there was such a store as the plaintiff’s at Wolcott,” till a few days before the bill was presented to him; and it is quite clear from the testimony of Boylan, the plaintiff’s clerk who sold part of the goods, that when he opened the account he had heard of the defendant’s unwillingness that his family should trade upon his credit. Upon this state of the evidence I do not think the defendant could be held liable on the ground of an agency in fact.
But the husband may be liable for necessaries furnished to the wife, in certain cases, though the existence of an agency or assent, express or implied in fact, is wholly disproved by the evidence, and this, upon the ground of an agency implied in law, though there can be none presumed in fact. It is a settled principle in the law of husband and wife, that by virtue of the marital relation, and in consequence of the obligations assumed by him upon marriage, the husband is legally bound for the supply of necessaries to the wife, so long as she does not violate her duty as wife; that is to say, so long as she is not guilty of adultery or elopement. The husband may discharge this obligation by supplying her with necessaries himself or by his agents, or giving her an adequate allowance in money, and then he is not liable to a tradesman who, without his authority, furnishes her with necessaries; but if he does not himself provide for • her support, he is legally liable for necessaries furnished to her by tradesmen, even though against his orders. (2 Smith’s Lead. Cas. 440.) In view of. this principle, the only questions in the case at bar are whether the defendant did not provide suitably for his wife’s support; and whether the articles sold by the plaintiff were necessaries. These are pure questions of fact, and they were controverted before the referee, each party having given much testimony respecting the circumstances of the defendant, the condition of his family, the amount of necessaries with which they were supplied by the defendant, and the character of the articles sold to them by the plaintiff. *561 There is at least some evidence to sustain the finding of the referee upon both questions, and his decision is conclusive.
[Monroe General Term,
September 7, 1863.
The liability of the defendant to furnish necessaries for his son who was a minor, and for his daughter, who, although a few years past her majority, was unmarried and a member of his family, and who, as appeared by testimony in the case, was an invalid unable to support herself by her labor, springs from the relation of a parent to his offspring, and depends upon principles analogous to those above considered in respect to his liability to support his wife.
I think the judgment should be affirmed.
Johnson, J. C. Smith and Welles, Justices.]