# LOUISA PLASTER

## *v.*

# JEPTHA PLASTER.

1. DIVORCE—*custody and support of infant children.* A decree dissolving the marriage relation and giving the custody of children to the mother, because of the unfitness of the father, and allowing a sum in gross as her alimony, does not impair the obligation of the father to support them.

2. SAME—*allowance for support of children, necessaries.* While the father is still liable for the support of his children in the custody of the mother, he is only bound to provide a reasonable and proper support according to the age, ability and circumstances of his children, and his own means; he is bound to provide necessaries, and provision for their education will be so deemed, but he will not be charged with their tuition, where a free school is accessible to them.

3. SAME—*allowance—earnings of children.* In estimating what is a reasonable and proper support for the children, their earnings should be considered, and deducted from the gross sum adjudged necessary; he will not be required to support them in idleness.

4. ALIMONY—*a sum in gross, allowed in lieu of alimony, is a bar to further claims.* Where a decree awards a sum in gross as alimony, which is a liberal and fair proportion of the husband's estate, it will be held to be in discharge and satisfaction of all future claim of the wife to a future support; *semble,* that the provisions of the statute authorizing the courts, from time to time, on application, to make alterations in the allowance of alimony is applicable only to cases where the same is stipendiary.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

The facts of this case will sufficiently appear from the opinion of the court.

Mr. MURRAY McCONNEL, for the plaintiff in error.

Mr. HENRY E. DUMMER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case, it appears that at the November term, 1854, a divorce was decreed upon the ground of desertion of defendant in error. There was one child, the fruits of the marriage, then three years of age, whose custody was decreed to plaintiff in error, until the further order of the court. It appears from the report of the master, that defendant was, at that time, worth one thousand dollars, one-fourth of which was decreed to plaintiff in error as her absolute property, and as alimony, and the case passed from the docket.

At the March term, 1866, after notice was given, a motion was made to re-docket the case, and the supplemental petition was filed. At the September term, 1866, the case was re-docketed, and a demurrer to the petition was filed, which was sustained by the court. No further steps were taken in that court, until the September term of the court, when a decree *nunc pro tunc*, as of the September term, 1866, was rendered, dismissing the petition. The case is brought to this court, and various errors are assigned for its reversal.

The petition claimed pay for the support and education of the child for the time intervening the decree granting the divorce and the filing of the petition; a decree for his future support and education, and a decree for further alimony. It is insisted that the court below should have retained the petition and granted the relief sought. Nature has implanted in all men a love for their offspring that is seldom so weak as to require the promptings of the law, to compel them to discharge the duty of shielding and protecting them from injury, suffering and want, to the extent of their ability. Hence the courts are seldom called upon to enforce the duty of parents. The law of nature, the usages of society, as well as the laws of all civilized countries, impose the duty upon the parent of the support, nurture and education of children. This duty devolves first upon the father, and next upon the mother, so long as they are of tender years and unable to provide for themselves.

While this liability is not controverted, as a general rule, it is insisted that by the decree of the court giving the custody of the child, in this case to the mother, absolved defendant in error from his further support and nurture. We are unable to appreciate the force of the objection. It was his neglect of duty, by deserting his wife and child, and failure to contribute to their support, that produced the divorce, and warranted the court in giving the custody of the child to the mother. And we are not able to see that because he had so conducted himself, and neglected his duty in failing to support his wife and child, that he thereby became released from its further and future support. His being adjudged by the court to be unfitted to have the custody, care and education of the child, did not, nor could it, release him from both his natural and legal duty.

The decree only directs that the mother shall have the custody of the child until the further order of the court. It does not find that the mother shall support the child, nor does it release defendant in error from the obligation; it leaves that duty subsisting and unimpaired. Had the court found both parents improper persons to have his custody, and had placed him in the care of another person, no one would have supposed that defendant in error would not have remained liable, and in what does the difference consist? After the parents were divorced, all duties and obligations to each other ceased, and they were as strangers to each other. Plaintiff in error owed him no duty as a wife, and her duty to support the child continued as before, secondary, and his primary. It is true, the court might have decreed the support on the mother, but would not do so unless an equivalent was decreed to the mother. The decree in this case only found that the father was an improper person to have the child, and gave it to the mother until further order of the court. But no money was given to her by the decree to compensate for the expense of his support.

The money decreed to her is declared to be for her use, and there is no implication that any portion was intended as an equivalent for the support of the child. It, then, follows that defendant in error was, if the allegations in the petition were true, liable for reasonable compensation for his past support as well as that in the future. He can, however, only be liable for necessary and proper expenditures for the purpose. He would only be liable for such support as the child was unable himself to procure. After the boy became able to earn a support, in whole or in part, the father was not bound to maintain him in idleness, but only to contribute and pay for such portion as the child could not earn by reasonable effort. His reasonable earnings must be applied to his support and deducted from the liability of defendant in error.

The decree for the custody was only temporary, and had defendant in error desired to relieve himself from liability to pay for his support, he could, by showing that he was a suitable person to have the custody and nurture of the child, on application to the court, have become re-possessed of the child, and have supported him · in his own family, or otherwise. This he seems to have failed to do, and permitted another to discharge a duty devolving upon him. In ascertaining what is a reasonable compensation, it would be proper to ascertain what the boy has been capable of earning for his own support, and if that would have been insufficient, then the remainder which was necessary should be ascertained and allowed. Nor should the allowance be for an expensive or extravagant support, but an economical one, simply allowing what was necessary. Nor should allowance be made for the expense of tuition, if he was within the reach of free schools; nor should an allowance be made for time he did not attend school, but only such time as he did attend.

The sixth section of the divorce law declares, that the court may make such an order for the alimony and maintenance of

the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. And the latter clause authorizes the court, on application, from time to time, to make such alterations in the allowance of alimony and maintenance as shall appear reasonable and proper. Even if this did not confer authority to make future orders in reference to the support of this child, still the decree was not final, and obviously contemplated further action of the court, if occasion should require.

If the boy has attained an age that he is capable of supporting himself, then the court would not require defendant in error to contribute to his maintenance. In such a case, neither justice, reason nor the law would require it of him. On the other hand, if from physical debility and impaired health, the boy is unable to earn a livelihood, and must depend upon others for support, who should more naturally contribute to that end than his father?

As to the question of further alimony, we are aware of no principle of law which would authorize it. At the time the divorce was granted, plaintiff in error received one-fourth of the value of the entire property of her husband, as her sole and separate property, as her alimony. The division was liberal, and being in gross, it must be held to be in full of all claims of alimony. Had it been a yearly sum, then the alteration of the circumstances of the parties might, in many cases, be such as would require its reduction or increase in amount. But, where a gross sum is decreed and received for, or in lieu of, alimony, it must be held to be in full discharge and satisfaction for all claim for future support of the wife. When they are divorced, they, from that time forward, cease to have claims on each other, and all marital rights and duties are at an end. Having discharged the duty of her support, by paying to his former wife the gross sum decreed in lieu of alimony, she ceased to have any more claim on her former

husband for her support, than she has on any other man in the community. The decree fully terminated the relation, and with it, its rights, duties and obligations.

The decree of the court below must, however, be reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

*Decree reversed.*