Church, Ch. J.
The action was brought upon a contract or promise to pay for the board of the defendant’s wife, and the evidence tended to establish that when the wife was taken home, in 1870, it was with defendant’s consent and promise to pay for her support. On the 16th of March, 1871, the defendant published a notice forbidding all persons from harboring or trusting his wife on his account, “ as I shall pay no debts of her contracting after this date,” and it was claimed on the trial that this notice operated as a revocation of the contract. The motion for a nonsuit upon this ground was properly overruled. It was a general notice to the public against giving the wife credit on the defendant’s account, but it did not operate upon the contract which he had himself made. It could scarcely have been intended to have that effect. The obligation was incurred by the husband, and not the wife, and in order to revoke, it was the duty of the hus *190 band to give specific notice of revocation, and offer to take and properly support the wife. Such a general notice, even if it came to the knowledge of the plaintiff, would neither operate as a revocation, or relieve the defendant from the obligation to furnish suitable support for his wife. Until he furnished support, or at least offered to furnish it, the care and support provided by the plaintiff was a necessity, and the husband would be bound to pay for them under the general rule of liability of a husband to pay for necessaries in case of neglect or failure to provide them on his part. (12 J. R, 240 ; 41 Barb., 560.)
Considerable stress was laid upon the occurrence of October, 1870, as well to relieve the defendant from the obligation of the previous contract as from all liability for support after that period. Both parties resided in the city of Syracuse, not a great distance from each other, the defendant at the time boarding with a sister. His wife, who it seems was subject to epileptic fits, and partially insane, went to the house where the defendant was boarding, and met the defendant who says he offered to receive and take care of her. The mother, who was in the house of a neighbor, sent for the wife, and she went and returned home with her mother. It appeared that the husband consented that his wife should go to meet her mother. The question upon this point arises upon the request of the counsel of the defendant to charge that if the plaintiff’s wife came after the defendant had supplied her with a home and enticed her away, he could not recover. The court declined to charge this, but did charge that if the plaintiff enticed her away, or authorized it, he could not recover, to which there was an exception. The character of this occurrence is overestimated. In the first place, there was no enticing by the plaintiff’s wife even, the defendant having consented. In the next place, neither the plaintiff nor his wife had any knowledge that the defendant had or intended to provide a home at his sister’s for his wife. The transaction was casual and not of a character to entitle it to any serious import. To make it so, the defendant should have notified *191 the plaintiff of the provision he had made, and offered to take his wife back. There were no facts in the case justifying the court in charging as requested, but if there had been I am inclined to think the refusal was right. If the defendant’s wife was then living with the plaintiff under the contract claimed, as we must assume the jury have found, the plaintiff’s rights would not be affected by the unauthorized acts of another' in enticing the wife, nor by the acts of the defendant in providing a home of which he had no knowledge. If the defendant had provided a suitable home for his wife, the plaintiff should have been notified.
There was no legal error committed, and the judgment must be affirmed.
All concur.
Judgment affirmed.