(Decided 18th June, 1879.)

---

THE COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY *vs.* THE PRESIDENT and COMMISSIONERS of the VILLAGE of BLADENSBURG.

*Power of the Legislature as to fixing the Limits of a Municipal Corporation—Construction of the Acts of 1870, ch. 428, and of 1876, ch. 205, relating to Bladensburg.*

It is certainly not within the power of the Legislature to give to a municipal corporation the power of absorbing as much of the property, and as many of the people of a county, as it may suit the wishes of the municipal authorities to make subjects of their taxation and ordinances. The Constitution of the State has expressly reserved to the Legislature the right of creating municipal corpo-

rations; and the Legislature may without doubt create such a corporation and fix its limits, without consulting the people to be affected by it; but such a thing is not usually done without submission to a vote of the people to be affected, or such previous expression of desire by petition, as to indicate the popular wish.

Public Local Laws, Art. 16, secs. 26 and 27, declared, the Village of Bladensburg incorporate, and designated its limits " as described on a plat thereof filed among the proceedings of the commissioners of said Village." The Act of 1870, ch. 428, authorized the appellees to lay off and define that which was described on said plat. The appellees acted in accordance with this power. The Act of 1876, ch. 205, enacted, that the appellants should pay annually to the appellees the amount of the road tax levied or taxed upon property within the limits of the Village of Bladensburg, and used by them for the repairs and improvement of the roads within said corporate limits. The appellees applied for a *mandamus* to compel the appellants to comply with this Act of 1876, ch. 205. HELD:

That the writ should issue.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*F. Snowden Hill*, for the appellants.

*Charles H. Stanley* and *N. C. Stephen*, for the appellees.

IRVING, J., delivered the opinion of the Court.

This record brings for review the action of the Circuit Court for Prince George's County, in granting a *mandamus* against the County Commissioners of Prince George's County, in favor of the President and Commissioners of the village of Bladensburg. The petition for *mandamus*

sets out, that the petitioners were incorporated by an Act of the Legislature, passed in 1854, ch. 137, and amended by the Act of 1870, ch. 428, by which last Act they were authorized to lay off and define the limits of the village and record the same in the office of the clerk of the Circuit Court for Prince George's County; and further states, that in pursuance of said power, in said Act mentioned, they had laid off and defined the limits of the said village, and had recorded it in the office of the clerk of said Court as required by said Act of 1870, ch. 428. The petition then sets out, that by virtue of the Act of 1876, ch. 205, it was enacted that "the Commissioners of Prince George's County shall pay annually, to the Commissioners of the village of Bladensburg, the amount of the road tax levied or taxed upon the property within the *limits* of said corporation, to be appropriated and used by them for the repairs and improvement of the roads within said corporate limits." It alleges demand on, and refusal by said County Commissioners to comply with the requirements of said law, and prays *mandamus* to coerce compliance. The County Commissioners replied by answer, in the nature of a general demurrer, denying the right of the village Commissioners in the premises. The Circuit Court awarded the *mandamus*, and the question now is, was that action of the Court correct? In this cause it is not necessary to consider any of the constitutional questions, which were raised and decided in the case of the Commissioners of Laurel, at this term, (*ante p.* 457.) Being identically the same, we refer to that case for our views upon them. A question is raised in this case, however, which did not arise in the case of Laurel. It is contended that by the amended charter of Bladensburg, passed 1870, ch. 428, the Commissioners of the town were invested with power to fix their own limits, which they have done, and are now claiming execution of the Act of 1876, ch. 205, according to the boundaries so fixed by themselves; all

which the appellants insist is illegal, because the Legislature could not delegate such power. If the Act of 1870, ch. 428, be susceptible of the construction given to it by the appellants, and the town Commissioners were authorized thereby to arbitrarily fix their own limits, sound public policy, reason and authority would compel us to sustain the objection. It is certainly not within the power of the Legislature to give to a municipal corporation the power of absorbing as much of the property, and as many of the people, of a county, as it may suit the wishes of the municipal authorities to make subjects of their taxation and ordinances. The Constitution of the State has expressly reserved to the Legislature the right of creating municipal corporations, *Constitution, Art.* 3, *sec.* 48. And the Legislature may, without doubt, create such a corporation, and fix its limits, without consulting the people to be affected by it; but such a thing is not usually done without submission to a vote of the people to be affected, or such previous expression of desire by petition as to indicate the popular wish. In the case of the *City of Patterson vs. The Society for establishing Useful Manufactures*, the Court says: "Before imposing the burdens of a city charter upon a people, the Legislature not only may, but ought to require the consent of the corporators. It is designed as a benefit, but it brings heavy burdens, which ought not to be imposed on people without their consent." In the same case, 4 *Zab.*, 397, it is said, that a vote of the people in such case is only a mode of accepting such charter, and not an act of legislation, which view this Court has adopted in sanctioning the local option laws of the State. The case of *Shumway vs. Bennett*, 29 *Michigan*, is precisely in point. It decides that a compulsory incorporation can only come from "*direct* legislation, or from the action of such persons or bodies as may be, by the law of the land, vested with sufficient delegated authority to bind the community;" and that

the cases are very rare in which "the people have not been allowed to be heard in every stage of the proceedings;" and proceeding, the Court further says: "It would be tyrannical to allow them to determine for themselves what property should be made tributary to their local interests." To hold otherwise, we think would be against equity and common right. We do not however, think, that the power, conferred upon the Commissioners of Bladensburg, by the Act of 1870, ch. 428, amending their charter, is such an authority as is contemplated by the objection, and as we have said could not be supported. The town of Bladensburg was first incorporated in 1854, and although the Act of incorporation was liable to the objection here taken, and which we have discussed, it was cured by the adoption of the Local Code, in 1860, which declares the town incorporate, and designates its limits "as described on a plat thereof, filed among the proceedings of the Commissioners of said village." By this enactment the boundaries were defined, and the plat, made by the Commissioners, was adopted and made valid, The Act of 1870, ch. 428, in our opinion only authorizes the town Commissioners to lay off, and define that which was already described, in the plat already "filed." It was an authority to run out and mark that which the plat described as the limits of the village. "To lay off and define" as we understand it, in connection with the previous legislation, did not give them any power to enlarge the limits beyond the designations on the plat filed; and there is nothing to show that they have attempted such a thing under the said Act of 1870. If they have, we have shown it was without legal warrant. Every intendment is to be made in favor of the constitutionality of a law, and when its language can, so reasonably, be understood as authorizing only what we have indicated, we do not feel warranted in construing the Act as doing more than authorize a re-survey and re-establish-

ment of their original limits, as defined by the Legislature. This authority, we think was legitimate, and does not fall within the principles, of the objection, which we have accepted as good law. The only question remaining is, what is the effect of the Act of 1876, ch. 205, on the road law of Prince George's County, and the Commissioners of said county? Both are Local Laws, and the later in date must take precedence, as authority. The road law must give way to it, wherein it is inconsistent with it, and this must prevail, and no matter how inconvenient, the County Commissioners of Prince George's must obey it. The order for *mandamus* will be affirmed.

*Order affirmed with costs.*

(Decided 18th June, 1879.)                    •