Bartlett, J.
In this suit the plaintiffs sought to recover the purchase price of certain articles of clothing sold to Caroline E. Gr. Fiske, the defendant’s wife, on her husband’s credit. At the time of the sale in December, 1885, Mrs. Fiske had been separated from her husband for a number of years, during which period he provided for her support *440 and the support of the children of the marriage, who lived with her, by sending a check every week for the living expenses, and a check each autumn and spring for the purchase of clothing, and also by paying the bills of the physician and dentist and the school bills of the children. The aggregate of the payments thus made in the year 1885 was shown to have exceeded $3,500. The plaintiff, nevertheless, testified that she was in positive need of the costume and wrap for herself which' she bought of the plaintiffs for $180.00, and of the cloaks for the two children which cost $40.00 and $41.60, respectively. Her evidence indicated that her husband lived in comfortable circumstances, spending from $8,000 to $10,000 a year upon himself and family.
No proof was introduced in behalf of the defendant, except such as was obtained from the plaintiff’s witnesses by way of cross-examination. A motion to direct a verdict for the plaintiff was denied, and the case was submitted to the jury substantially upon the question whether the clothing purchased of the plaintiffs was necessary for the wife and children, considering their situation and condition in life, in addition to what, was furnished for their support by the husband. The jury found a verdict for the defendant.
It is quite clear that the learned trial judge did right in refusing to direct a verdict in favor of the plaintiffs The fact that the evidence was uncontradicted did not make it his duty to take the case from the jury, so long as the proofs were of such a character that reasonable men might draw conflicting inferences from them. Few subjects are more likely to give rise to decided differences of opinion than inquiries as to the adequacy or inadequacy of a given income to furnish that degree of support which is suitable to the condition in life of any particular person. The question was peculiarly proper to be passed upon by a jury, and it would nave been error to withdraw it from their consideration.
It is urged, however, that the verdict was against the evidence. Of the $3,629 furnished by the husband to the wife between January 19, 1885, and January 2, 1886, only the sum of $650, or thereabouts, appears to have been intended for the clothing of the four persons concerned, and there is some force in the argument that a wife and three children who live, at the instance of the husband and father, in such a manner that their board costs nearly $3,000 a year can hardly maintain a wardrobe appropriate to their style of living for $650 per annum. On the other hand, it may be observed that they seem to have been successful in dressing upon this income for a considerable period prior to the transaction in suit. The conclusion of the jury therefore did not present any such conflict with the- *441 proof as to require the trial judge to grant a new trial on this ground.
But two exceptions are discussed in the brief of counsel for the appellants. These remain to be considered. The first relates to the admission of evidence showing that the defendant had separated from his wife. The objection to this proof was properly overruled. In the absence of the evidence thus received the jury might well have assumed that the husband and wife were living together; in which case the presumption would ordinarily arise that he had assented to such purchases as would properly and naturally be made by the wife in the conduct of the affairs of the family. Keller v. Phillips, 39 N. Y., 351, 354. But where there has been a separation, a party suing the husband for goods sold to the wife must show not only that the articles were necessaries, but also that the husband did not provide suitably for the wife’s support. Cromwell v. Benjamin, 41 Barb., 558.
The appellants, however, deny that this rule applies, unless the seller has notice of the separation. There was no proof in the present case that the plaintiffs had any knowledge or information of the fact that Mr. and Mrs. Fiske were living apart. Hence it is insisted that the only question for the jury was whether the articles purchased were necessary and proper for the support of the wife and children, irrespective of the provision made for them by the husband. The second of the exceptions argued in the appellants’ brief relates to the refusal of the trial judge to instruct the jury in accordance with this view.
In the case of Baker v. Barney (8 Johns., 73), it is said that “if a husband and wife part by consent, and he secures to her a separate maintenance suitable to his condition and circumstances in life, and pays it according to agreement, he is not answerable even for necessaries; and the general reputation of the separation will in that case be sufficient.” A general reputation of the separation can very well be inferred in the present case from the testimony of Mrs. Fiske to the effect that her husband deserted his family six years before the trial and has ever since refused to live with them. Such an occurrence must have become known to almost every one acquainted with the family long before the transaction with the plaintiffs, which is the subject of litigation here. It would naturally, if not certainly be a matter of common repute in the society in which they moved, since the evidence indicates that the husband resided in one part of the city of New York and his wife and children in another. Under these circumstances no further notice to the plaintiffs was necessary.
*442 Finally the appellants complain that the trial judge charged the jury in effect that they were at liberty to disregard the evidence given by Mrs. Fiske, who testified in their behalf. After recapitulating some of the testimony given by that witness, the judge began a new sentence with the words: “It is for you to say whether you believe this statement.” No exception was taken to this portion of the charge, but even if the plaintiffs had excepted, I should not be prepared to hold that any error was committed by the judge in making the remark in question. Mrs. Fiske was an interested witness whose testimony the jury were not bound to believe.
I think the judgment and order appealed from should be affirmed with costs.
Van Brunt, Ch. J., and Daniels, J., concur.