## WEINGREEN v. BECKTON.

(Supreme Court, Appellate Term. February 11, 1907.)

1. APPEAL—RECORD—EVIDENCE—SUFFICIENCY.

Where the essential facts of a case were not shown with sufficient certainty to make it possible to determine if the judgment of the lower court was correct, a new trial will be granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4600–4603.]

2. HUSBAND AND WIFE—GOODS FURNISHED WIFE—LIABILITY OF HUSBAND.

Where a husband furnishes a wife with necessaries suitable to her position and money with which to pay cash therefor, he is not liable for the price of other goods sold to her, in the absence of proof of prior authority or subsequent ratification.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 121.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Emanuel Weingreen against Max W. Beckton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Thomas H. McKee, for appellant.
Samuel Hoffman, for respondent.

PER CURIAM. The defendant's wife bought of plaintiff furs, consisting of muff and boa, of the undisputed value of $347.50. At that time she was living with her husband, the defendant, and was supported by him. Since then she has separated from him. He denies that he is liable for furs of this price, in view of his moderate means and the allowance in money that he made to her. The furs were bought without his knowledge or consent, and this was, apparently, the first time she had dealt with plaintiff, and there was no prior authority for her to buy of plaintiff, or subsequent sanction of any purchase from plaintiff. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. At the most the defendant's capital, according to the testimony, amounted to $47,500, as follows: The total value of the partnership, at the highest figure, was $115,000. Defendant's half interest $57,500, less debt to his partner of $10,000, making defendant's capital $47,500, which, apparently, was all he had in the world. His partner, however, fixes defendant's interest in the business at only $30,000. The proximate income derived from his business does not appear, beyond the statement of the bookkeeper and his partner that he drew a "salary" of $1,800 a year. He must have had more than this, however, as he allowed his wife $175 a month, as follows: $50 to pay the rent of the apartment, $18 to pay the servant's wages, $50 for the wife's personal expenses, and the rest to be spent, apparently, as she saw fit. He paid, in addition to the $175 a month, a number of extra bills, such as doctors' bills, telephone bills, and bills for household furnishings, linen, and such things. It seems that for a short time, being in ill health, he was part owner of an automobile, which cost $900, of which he paid half and his partner the other half. Subsequent-

ly they sold this automobile, which was, apparently, the only extravagance which his wife could charge against him, and upon which plaintiff's attorney dwells with considerable emphasis, as tending to show an extravagant style of living, and as indicative of the possession of great wealth. Within about two years of the time of the purchase of the furs in question he had bought for her one set of furs for $50, which were subsequently repaired at a cost of $27.50, and another for $90. These, however, did not satisfy her, so she purchased, as we have seen, without the knowledge or consent of her husband, another set of furs, the one in suit, for $347.50.

Defendant claims to be a man of very moderate means and little given to sociability, but his wife seems to have moved in wealthy circles of society, among people who spent much money, and she claims that she required the furs in order to dress like the other ladies of her set. If, however, her husband's income was not sufficient to enable her to move in this wealthy society, she should have accommodated herself to the circumstances, and tried to content herself in a circle of less wealthy people. Defendant was not required to spend his entire income on his wife, if he provided her with the necessities of life and supported her in a manner suitable to his position and means, and he might properly have insisted upon reasonable economy on her part, in order to enable him to save money for the future, when he might be no longer able to earn as much money as at the present time. He claims that according. to his means he provided amply for her reasonable requirements. It is difficult to arrive at an accurate conception of defendant's income, as we have intimated. His partner says the firm sold $150,000 worth of goods, surgical instruments, in the year ending June 30, 1906, and yet he and the bookkeeper swear that the net profits were only $2,513. This must be after deducting from the income the $1,800 "salary" of defendant and something more by way of income to the defendant and his partner; but how much defendant drew does not appear. This element of uncertainty in the case renders it very difficult to arrive at a just conclusion. Defendant could discharge his obligation to supply his wife with necessities by giving her an adequate allowance in money, and thereby relieve himself from liability to tradesmen who, without his authority, furnished her with necessities under the circumstances here disclosed. Cromwell v. Benjamin, 41 Barb. 558; Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. The adequacy of the allowance depends, of course, very much upon the income of the husband, and it is impossible for us to say whether the $175 a month allowed by defendant to his wife, in addition to the payment by him of numerous extras, was an adequate allowance, as we do not know the amount of his income even approximately. We think that, in the interests of justice, a new trial should be had, when all the essential facts of the case can be made to appear with more certainty than in the record before us.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. I concur in the result; the ratiocination involving considerations not wholly familiar.