In the Matter of the Judicial Settlement of the Account of MAUDE VAN DENBURGH, as Administratrix with the Will Annexed of WILLIAM S. DEYOE, Deceased.

WILLIAM M. MARTIN & Co., Respondent; MAUDE VAN DENBURGH, as Administratrix, etc., Appellant.

Third Department, May 2, 1917.

Decedent's estate — husband and wife — liability of father for burial expenses of incompetent daughter living with mother — evidence — telephone conversations.

A father is liable for the burial expenses of an incompetent daughter over twenty-one years of age, without property and residing with the mother.

A telephone conversation between the father and the mother is admissible to establish the latter's agency in employing an undertaker. It will be assumed from her testimony that in talking over the telephone with her husband, she recognized his voice.

Third Department, May, 1917.    [Vol. 178.

APPEAL by Maude Van Denburgh, as administratrix with the will annexed, from a decree of the Surrogate's Court of the county of Saratoga, entered in the office of said Surrogate's Court on the 5th day of October, 1916, allowing the claim of respondent against the estate.

*Jenkins & Barker* [*J. H. Barker* of counsel], for the appellant.

*M. E. McTygue* [*L. B. McKelvey* of counsel], for the respondent.

KELLOGG, P. J.:

The respondent, undertaker, claims compensation for the burial of the daughter of the intestate, who was at the time of her death over twenty-one years of age, an incompetent person and without property. The mother was living apart from the father, and the daughter was living with the mother. Upon the daughter's death, the mother telephoned the father that the daughter had just died. He asked what undertaker she was to have, and she inquired who he wanted and he said to get the claimant. She replied that she would carry out his wishes and he told her he would see the bill paid. She thereupon employed the claimant and it rendered the service. No question is made about the amount of the bill.

It is urged that the conversation over the telephone was incompetent; that the mother was incompetent to testify to the conversation with the father and that no liability was shown. The surrogate considered that there was a moral obligation upon the father to bury the daughter, which well sustained the promise to pay.

In *Cromwell* v. *Benjamin* (41 Barb. 558) it was held that a father was liable for the support of his adult daughter, who was an invalid without means and unable to support herself. The infirm daughter was residing with the mother who was living apart from her husband.

*Alger* v. *Miller* (56 Barb. 227); 2 Kent's Commentaries [14th ed.] *190; 1 Blackstone's Commentaries, 448, and the Code of Criminal Procedure (§ 916) seem to support that ruling.

The mother's evidence fully establishes the father's liability. From her testimony she was the agent of the father in employing the undertaker, and she was competent to prove the agency. We feel, however, that it is unnecessary to consider more fully the competency of the mother as a witness, as upon the facts shown, aside from her testimony, the father is well charged with the liability. We must assume from her testimony that in talking over the telephone with her husband she recognized his voice. The decree should, therefore, be affirmed, with costs.

Decree unanimously affirmed, with costs.