# GRANT STOCKHAM

## *vs.*

# HERMAN KNOLLENBERG.

*Equity: appeals; final orders only.　Interlocutory orders:
demurrers to bill of complaint.*

An order in the nature of a final decree from which an appeal may be taken under Section 26, Article 5 of the Code, must be an order which finally settles some disputed right or interest of the parties.　　　　　　　　　　　　　　　p. 341

An order requiring the defendant to appear in Court and be examined concerning his property and credits is not such a final order as to justify an appeal.　　　　　　　　　p. 341

Even should the defendant's motion to vacate and set aside that order be treated as a demurrer to the petition, it would in effect be only a demurrer to a petition for an interlocutory order, and would not come under the rule allowing appeals from orders overruling demurrers to bills of complaint.　p. 342

*Decided December 5th, 1918.*

Appeal from Circuit Court No. 2 of Baltimore City.

The facts are stated in the opinion of the Court. (Ambler, J.)

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Richard S. Culbreth,* for the appellant.

*George Ross Veazey* (with whom were *S. Ralph Warnken* and *Haman, Cook, Chesnut & Markell*), for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 17th of May, 1912, the appellee obtained a decree of Circuit Court No. 2 of Baltimore City against the appellant for the sum of $2,500.00 and costs of suit, and on the 10th of September, 1915, a writ of *fieri facias* was issued on the decree and was returned by the sheriff of Baltimore City, *"Nulla Bona"*. On the 29th of September, 1915, the appellee filed a petition in said Court alleging that no part of the decree had been paid; that the petitioner was informed and believed that the defendant had property or credits that were legally liable to attachment or execution, but that he was concealing, or had concealed or disposed of the same with the "intent to evade the effect" of said decree; "that, according to the charter records of Baltimore City, on or about March 3rd, 1911, while this suit was pending," the defendant, Grant Stockham, "as one of the incorporators, formed the corporation of the Grant Stockham Company to engage in a general insurance business as agent and broker, with an authorized capital stock of one thousand dollars ($1,000.00) divided into one hundred (100) shares each of the par value of ten dollars ($10.00); that the certificate filed among the charter records of Baltimore City, on or about April 7th, 1911, signed by the defendant, its President, and Clara E. Stockham, its secretary, and sworn to by the latter, discloses the fact that said corporation issued 96 shares of its capital stock in the aggregate par value of ninety-six hundred dollars ($9,600.00) in payment of all the right, title, interest and good-will of the said Grant Stockham in and to the general brokerage and fire insurance agency business conducted by him;" that the petitioner believed and therefore averred as a fact that the said transfer by the defendant to the corporation formed by him was "made with the intent to evade or prevent" the petitioner from realizing on any decree that he might obtain in the case; that the petitioner further believed and therefore averred that said corporation was in fact a one-man corporation, "owned and

controlled by the defendant," and was a shield to prevent
the creditors of the defendant from reaching property belong-
ing to him. The prayer of the petition was that Grant
Stockham be required to attend in said Court and be exam-
ined "concerning said property and credits," and an order
of Court was passed accordingly. A summons was also issued
for the defendant, returnable on the day mentioned in the
order of Court, and requiring him to bring with him cer-
tain books and papers. The record does not disclose what
further was done in pursuance of the petition and order of
Court, but counsel for the appellee states in his brief that
the defendant did attend in Court at the time named and
was examined by the appellee's counsel.

On the 6th of March, 1918, the appellee filed another peti-
tion in said Court, in which, after again stating that he was
informed and believed that the appellant "had property or
credits liable to attachment or execution, which he was con-
cealing, or had concealed or disposed of with intent to evade
the effect of" said decree, he alleged that the appellant was
conducting a "very large and profitable insurance and brok-
erage business under the name of Grant Stockham & Com-
pany," "and that recently" he "obtained an order for insur-
ance from the Mayor and City Council of Baltimore, the
premiums on which" would amount to approximately fifty-
six thousand dollars; that the interest of the appellant in
said premiums would be approximately one-fourth of that
amount; that the defendant had represented that said busi-
ness "of Grant Stockhom" belonged to his wife, and that
he was only "an employee thereof"; that the appellee was
informed that said business did not belong to the appellant's
wife, but that the appellant was "the real manager, operator
and owner" of said business, and that the effort to make it
appear that it belonged to his wife was an attempt to con-
ceal the same from his creditors "and particularly to evade
the effect" of the appellee's decree; that the money payable
to the appellant as premiums and in which he had a large

interest, would be paid over to the appellant, and "by him put out of the reach" of the appellee unless the Court aided the appellee by restraining the appellant from "either receiving said money or paying it over to any one" until a hearing could be had on the petition; that the appellee was practically without a remedy "except through supplementary proceedings," because he was "somewhat doubtful of his right to attach the money" due the appellant "on account of the probable inability to attach money in the hands of the Mayor and City Council." The petition then prayed that the appellant be required to attend in said Court and be examined "concerning his property and credits," and on the same day an order was passed requiring the appellant to attend in said Court on the 18th day of March, 1918, to be examined as prayed in said petition, and also enjoining and restraining the appellant "from transferring, assigning or disposing of any of the money received, or to be received, from the Mayor and City Council for premiums on fire insurance or other kinds of insurance recently placed for it amounting to approximately fifty-six thousand dollars or any part of said premiums until he appears in Court and is examined in accordance with the first paragraph of this order, unless cause to the contrary be shown on or before the 18th of March, 1918," etc. On the 16th of March, the appellant filed a motion to vacate and set aside said order on the following grounds: 1. Because it appears from the petition that the money mentioned therein is not liable to attachment or execution. 2. Because the question raised in said petition as to the title of the appellant's wife to said money cannot be decided in a proceeding to which she is not a party. 3. Because it appears from the petition that the appellant had not received the money. 4. Because the appellee does not in the petition disclose the source of his information by giving the name of the informant or stating his means of knowledge as well as his grounds of belief. 5. Because the petition does not disclose the fact appearing from the record that a peti-

tion was filed on the 29th of September, 1915, and an order of Court was passed thereon requiring the appellant to attend and be examined on the 16th of December, 1915. 6. Because it does not appear from the record in the cause that said proceedings were completed or that an order terminating the same was passed, and for other reasons to be assigned at the hearing. This motion was heard on the 18th of March, and on that day the Court passed the order from which this appeal was taken, overruling the appellant's motion, making the order of March 6th "final," and requiring the appellant to appear and be examined under oath on the 28th of March, 1918.

A motion has been filed by the appellee to dismiss the appeal on the ground that the order appealed from was interlocutory in its nature, and not a final decree or order in the nature of a final decree.

It is well settled that an order in the nature of a final decree, from which an appeal may be taken under section 26 of Article 5 of the Code, must be an order which finally settles some disputed right or interest of the parties. *Dillon* v. *Insurance Company,* 44 Md. 386, and *Chappell* v. *Funk,* 57 Md. 465. The petition of March 6th did not pray for an injunction, but simply prayed for an order requiring the defendant to attend in Circuit Court No. 2 "and be examined concerning his property and credits." It can hardly be said that an order passed in *accordance with the prayer of the petition* would have finally settled any disputed right or interest of the parties. So, even if it be conceded, as contended by the appellant, that his motion to vacate and set aside the order of March 6th should be treated as a demurrer to the petition, it would in effect be a demurrer to a petition for an interlocutory order, and would not come within the rule stated in *Chappell* v. *Funk, supra,* and *Stinson* v. *Ellicott, etc., Co.,* 109 Md. 111, allowing an appeal from an order overruling a demurrer to a bill of complaint.

The order of March 6th went further than the prayer of the petition, and granted an injunction restraining the appellant from disposing of the money mentioned in the petition unless cause to the contrary be shown on or before the 18th of March, 1918, and the order of the latter date, from which this appeal was taken, made the order of March 6th "final" so far as the injunction was concerned. Under section 27 of Article 5 of the Code, an appeal lies from an order granting an injunction, or a refusal to dissolve an injunction, after the answer of the party appealing has been filed in the cause, and a demurrer to a bill of complaint or petition for an injunction is regarded as an answer to the bill or petition within the meaning of this section of the Code. *Baltimore* v. *Weatherby,* 52 Md. 442. But the defendant below did not file a motion to dissolve the injunction, and so far as his motion to vacate the order of March 6th may be regarded as a demurrer to the plaintiff's petition, it was a demurrer to a petition for an interlocutory order requiring the plaintiff to attend in Court and be examined as to his property and credits, and did not raise any question as to the right of the plaintiff to an injunction restraining the defendant from disposing of the money therein mentioned.

It follows from what has been said that the appeal must be dismissed.

*Appeal dismissed, with costs.*