CLARENCE A. BORCHERT *v.* MILDRED V. BORCHERT

[No. 44, October Term, 1945.]

*Decided January 17, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*F. Brooke Whiting* and *D. Lindley Sloan,* with whom was *Linn Maple Brannon* on the brief, for the appellant.

*Albert A. Doub, Jr.,* and *George Cochran Doub* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellee (wife) was divorced *a vinculo matrimonii* from the appellant (husband) by decree of the Circuit Court for Allegany County on November 5, 1929. By that decree the appellant was ordered to pay the appellee for the support of the minor son of the parties, Reginald Borchert, $25 per month until the son reached the age of twenty-one years. The guardianship and custody of the son was given to the wife. The appellant was summoned in the divorce action by service on his attorneys, who accepted such service for him, and entered their appearance in the case as his counsel.

On January 8, 1945, the appellee, after some preliminary proceedings which have no bearing on the issues now presented, filed her petition stating that shortly after the passage of the divorce decree, the son, Reginald, became afflicted with a serious and incurable malady that has permanently and wholly incapacitated him physically and mentally and his condition has progressively become worse so that for some time now he has been a helpless invalid. The petition further shows that the said son arrived at the age of twenty-one years on September 11, 1944, but that he continues under disability; that the appellee cannot properly provide for him and that the appellant is a man of comfortable means, living in West Virginia where he owns valuable property and receives a large income. The petition prays that the decree be amended to require appellant to pay a reason-

able and adequate sum for the support of the son as long as he continues under disability. The court passed an order setting the petition for hearing, provided a copy of the petition and order be sent by registered mail to the appellant and his solicitors of record in the case.

Thereupon the present solicitors for appellant entered their appearance specially for him "to resist the petition," and subsequently filed a demurrer to the petition, stating that it is filed by the defendant (appellant) by his "solicitors by special appearance for the defendant." This demurrer raises four grounds of objection: first, that appellant is a resident of West Virginia and is not subject to the jurisdiction and orders of the Maryland Court unless personally served; second, that any increase in the amount allowed by the decree would be in the nature of a decree *in personam* which could only be had after personal service; third, that counsel fees, prayed in the petition, could not be allowed because petitioner is no longer the wife of appellant and, fourth, that the appellant is no longer liable under the decree for the support of the son since he has attained the age of twenty-one years.

The demurrer was overruled April 12, 1945, and the husband required to answer, and an appeal was taken from this action, which constitutes the first appeal in this record. Thereafter, on a subsequent petition, to which an answer was filed by the defendant through his solicitors, no longer attempting to appear specially, the court passed an order on June 28, 1945, directing the husband to pay a counsel fee of $250 to the solicitor for appellee for his services in the trial below and to be rendered on the appeal here. An appeal was taken from this order, which is the second appeal in the record.

The appellant contends here in his brief that the decree has been fully performed and has expired, that this is an attempt to engraft what ought to be an original proceeding on a decree for divorce which has no relation to the subject matter of the present proceeding, that he is a non-resident and the court is without jurisdiction

over him without personal service and that as this is not a divorce proceeding the court cannot require him to pay a counsel fee.

The jurisdictional question was not pressed in the argument and may be readily disposed of. We know of no practice which authorizes a special appearance for the purpose of filing a demurrer. And the pretense of a special appearance was abondoned when the defendant's answer was filed to the petition for counsel fee. The court had jurisdiction over the defendant in the original proceedings, and when his new counsel filed his demurrer and his answer to the counsel fee petition, he was again before the court. Having voluntarily appeared, he cannot be heard to say that the court is without jurisdiction over him.

We are not unmindful that the first appeal in this case is from an order overruling a demurrer to a petition. Under ordinary circumstances such an order is not a final one from which an appeal is allowed. *Stockham v. Knollenberg,* 133 Md. 337, 105 A. 305. But in this case the petition brings up facts occurring since the filing of the original bill and since the decree and raises a question not heretofore considered in the case. We think, therefore, that while it is called a petition, it is in reality in the nature of a supplementary bill of complaint. The demurrer is to the entire petition and, under a long line of decisions in this Court, an order overruling a demurrer to an entire bill of complaint is appealable. *Chappell v. Funk,* 57 Md. 465; *Pressler v. Pressler,* 134 Md. 243, 106 A. 686; *Young v. Cockman,* 182 Md. 246, 34 A. 2d 428. We will, therefore, consider the appeal.

There was no common law obligation to support adult, incompetent children; neither was there any to support infant children although an obligation, both moral and legal, was early recognized in this State. *Addison v. Bowie,* 21 Bl. p. 626. The statute of 43rd Elizabeth, Ch. 2, imposes upon fathers and others an obligation to support poor, old and impotent persons. This English

statute, however, is not one of those in force in Maryland and we have no such similar statute governing the support of adult, incompetent children. We have, of course, a statute making a criminal offense the non-support of minor children. Code, 1939, Art. 27, Sec. 89, Ch. 73, Acts of 1896, and we also have a statute making it a criminal offense for an adult child possessed of or able to earn sufficient means not to support a destitute parent. Code, 1939, Art. 27, Sec. 98, etc., Ch. 637, Acts of 1916. The nearest statutory approach to any requirement that a father shall be liable for the support of his incapacitated child is found in Code, 1939, Art. 59, Lunatics and Insane, which provides for the commitment of insane people to state institutions and authorizes the County Commissioners of any County or Department of Welfare to investigate the financial condition of any person so committed "and also the financial conditions of their relatives or other persons legally chargeable with their maintenance and support" in order to determine the ability of such people to pay. If such investigation results in a determination that such person shall be required to pay, then the County Commissioners are authorized to pass an order to that effect. The statute then says in Section 4, "It is the intent of Sections 3, 4 and 5 that a husband may be liable for the support of a wife while an inmate of any such institution, a wife for a husband, a father or mother, or both, for a son or daughter, and a son or daughter, or both, for a father or mother."

In 1 *Blackstone's Commentaries*, p. 449, it is said, "No person is bound to provide a maintenance for his issue unless where the children are incompetent and unable to work, either through infancy, disease or accident, and then is only obliged to find them with necessaries * * *." This statement is based upon the statute of Elizabeth above referred to. The doctrine of liability in a father to support an incapacitated adult child seems to have permeated the courts of this country, in many cases without any statutory enactment to support it. The obligation is set out in a great many cases, often in those

judicial expressions known as *obiter dicta.* In some cases the basis of the liability is lack of emancipation. In others it is stated to be the moral duty and it is indicated that the legal duty follows the moral duty. However vague and unsatisfactory such statements are, it must be concluded, in view of the many decisions so holding, that there is now a tendency in this country, whether based upon local statutes or upon a modern judicial expansion of the common law, to recognize a duty imposed upon a parent to support his incapacitated child. Among the cases discussing the subject are *Cromwell v. Benjamin,* Sup. 1863, 41 Barb., N. Y. 558; *Alger v. Miller,* 56 Barb. 227; *Matter of Van Denburg,* 178 App. Div. 237, 164 N. Y. S. 966; *Brown v. Ramsay,* Sup. 1860, 29 N. J. L. 117; *Breuer v. Dowden,* 207 Ky. 12, 268 S. W. 541; *Crain v. Mallone,* 130 Ky. 125, 113 S. W. 67; *Rowell v. Town of Vershire,* 62 Vt. 405, 19 A. 990; *Schultz v. Western Farm Tractor Co.,* 111 Wash. 351, 190 P. 1007; *Halsted v. Halsted,* 228 App. Div. 298, 239 N. Y. S. 422; *Freestate v. Freestate,* 244 Ill. App. 166; *Rife v. Rife,* 272 Ill. App. 404; 39 *Am. Jur., "Parent and Child,"* pars. 68 and 69, pp. 710 and 711; *Plaster v. Plaster,* 47 Ill. 290; *Howard v. United States,* D. C. E. D. Ky., 2 F. 2d 170.

The appellant in his brief states, "We do not dispute the obligation of the father to care for children, no matter what age, physically or mentally unable to take care of themselves and agree with this general statement of the law." In view of this concessum it is unnecessary to go further now than to say that this is the law of this case.

The method of enforcement of such duty presents an entirely different question. There is no statute making the failure to perform it a criminal offense. The obligation to provide a minor child with necessaries has been held to be one at law although there is at least an intimation that in the proper case, such an allowance might be made in a divorce proceeding after a final decree of divorce had been entered. *Carter v. Carter,* 156

Md. 500 at pages 508, 509, 144 A. 490, and cases cited. As the duty to support an incapacitated child is based upon the same general principle as the duty to support a minor child, it might reasonably be suggested that a suit for necessaries for such a child could also be maintained at law. But when we are asked, as we are in this case, to enforce that duty under the authority of Code, 1939, Art. 16, Sec. 41, we are met with the difficulty of the interpretation of a statute which gives the equity courts of the State in divorce cases power "to order and direct who shall have the guardianship and custody of the children, and be charged with their support and maintenance." This statute is quite similar to the general equity statute, Article 16, Section 85, where the several chancellors are given original jurisdiction over children and are authorized to direct who shall be charged with their support. Neither of these statutes attempts any definition or enlargement of the word "children" and unless we attempt judicial legislation that word must be construed as meaning children in the ordinary sense; that is those who have not reached their majority. There have been a number of attempts in other states to enforce support of children under similar divorce statutes. Some of these such as Kansas (construed in *Emery v. Emery*, 104 Kan. 679, 180 P. 451), Oregon (construed in *Mack v. Mack*, 91 Or. 514, 179 P. 557), and Wisconsin (construed in *Boehler v. Boehler*, 125 Wis. 627, 104 N. W. 840), use the words "minor children." On the other hand, the California divorce statute does not use the word "minor," and the court there, in the case of *Tremper v. Tremper*, 39 Cal. App. 62, 177 P. 868, has construed the duty of support as ending at the attainment of a child's majority. No question of incapacity, however, arose in that case. In an early Illinois case, *Plaster v. Plaster*, 47 Ill. 290, there is a statement indicating the duty of a parent to take care of an adult child who, from physical disability and impaired health, is unable to earn a livelihood. In two cases, both in the First District, Appellate Court of Illinois (Cook

County), decided by different judges at different times, the divorce statute is differently construed. This Illinois statute does not contain the word "minor." In the case of *Freestate v. Freestate,* 244 Ill. App. 166, where a wife, ten years after a divorce, asked that her former husband be required to pay her sufficient money to provide medical aid for the treatment and support of their child, then twenty-three years of age, who had been an invalid since the age of two, the court held that it had the authority to so order. In the later case of *Rife v. Rife,* 272 Ill. App. 404, there was no question of incapacity. The adult child, a stenographer, was frail and could not obtain work because of the depression. The court denied the application for support under the divorce statute, and in so doing, stated it disagreed with *Freestate v. Freestate,* and held that the statute limits the power of the court to order support to the minority of a child. In another separation case, which dealt with adult children who were not, however, incapacitated, but were attending college, the Supreme Court of New York, Appellate Division, decided that such children were no longer entitled to support from their father and declined to make any provision for their education. This was *Halsted v. Halsted,* 228 App. Div. 298, 239 N. Y. S. 422. The court, in making its decision, said, "The obligation rests upon the defendant to support these two children terminating upon their reaching their majority, *in the absence of a showing of physical or mental disability,* neither of which is involved in this case." (Italics supplied.)

In none of these cases except the earlier Ill. App. case of *Freestate v. Freestate, supra,* and the N. Y. S. case of *Halsted v. Halsted, supra,* is there any interpretation of the several divorce statutes considered similar to that asked in the present case. And in the Halsted case, there is only a suggestion to that effect.

However desirable it may be for some power to exist by which a father may be compelled to support his son, under the circumstances set out in these proceedings,

the Legislature has not seen fit to make the failure to do so a criminal offense although it has so designated such failure in other domestic situations heretofore mentioned. The omission by the legislative branch of the government of such a statute is an indication that the failure to support an incapacitated child is placed by it on a different footing from the failure to support a minor child. We cannot now without further legislative action hold that the divorce statute attempted to be invoked in this case is enlarged to include other than minor children. The similar statute, Article 16, Section 85, has been held by this Court to apply to minor children (*Barnard v. Godfrey*, 157 Md. 264, 145 A. 614), although the question presented here was not raised there. A like interpretation of Article 16, Section 41, is indicated by its wording and by the ordinary meaning of the word "children." We, therefore, conclude that this statute gives no power to grant the relief prayed for in appellee's petition and that the demurrer to it should have been sustained.

The second appeal has to do with the allowance of a counsel fee. It is resisted on the ground that, as the parties are no longer husband and wife, the wife is not entitled to have any such allowance from her ex-husband. That is true as a general proposition. *Winchester v. Winchester*, 138 Md. 95, 113 A. 584; *Tabeling v. Tabeling*, 157 Md. 429, 146 A. 389; *Tome v. Tome*, 180 Md. 31, 22 A. 2d 549. In the last mentioned case, reference is made to the case of *Carter v. Carter*, 156 Md. 500, 144 A. 490, already referred to. In that case there were two appeals, one involving the custody of a minor child, and the second the propriety of allowing a former wife a counsel fee for services in connection with such question of custody after a decree of divorce *a vinculo* had ended the marital relations of the parents. The court said that in the case before it, while there could be no liability of the husband to the wife, by reason of their former marital relationship, "Yet, by reason of his parental obligation, the father may be liable, even to the

mother, in the absence of any reason for imposing upon her his primary obligation, if, upon his default, she has supplied the minor with necessaries." The court then said that necessaries might extend to the services of an attorney. If the question here had to do with the furnishing of the services of an attorney for the benefit of a minor child, the case might come within the distinction made in the Carter case, but as we have stated, questions affecting an adult incompetent child are not within the purview of the divorce statute. Therefore, no allowance for a counsel fee can be made in such a case and the order passed for such purpose in this case must be reversed.

*Orders reversed, with costs.*

HENDERSON and MARKELL, JJ., concur in the result.