DAVID J. LANDAU, Plaintiff, *v.* SAMUEL KRAMER, Defendant.

Supreme Court, Special Term, Queens County, January 4, 1951.

**218**

*David J. Landau,* plaintiff in person.

*Alvin Miller* for defendant.

COLDEN, J. Plaintiff moves for summary judgment, or in the alternative, to dismiss the first and second defenses on the ground that they are legally insufficient.

This action is brought to recover for necessaries in the nature of legal services allegedly rendered by plaintiff, an attorney, to the wife of the defendant between December, 1949, and May, 1950, apparently, although it does not clearly appear from the papers before the court, at a time when husband and wife were living separate and apart. The legal services consisted of instituting a separation action on her behalf against the defendant, wherein he counterclaimed for a divorce, and of negotiating a separation agreement executed by defendant and his wife on May 2, 1950, some three weeks before the separation action was discontinued on stipulation.

The answer consists of general and specific denials and three defenses, only the first two of which are here attacked and, therefore, considered by the court. Those defenses are in substance (1) that the wife deserted the defendant after he learned that she had committed adultery; and (2) that the funds received by her pursuant to the agreement of separation were sufficient to enable her to compensate plaintiff; and, therefore, that the services rendered by plaintiff did not constitute necessaries for which defendant can be held responsible.

Plaintiff challenges the legal sufficiency of the first defense, i.e., that the wife's misconduct was the cause of the parties living apart, on the ground that the execution of the separation agreement by the defendant, with knowledge of such misconduct, prevents him from asserting that misconduct as a defense

to this action. While it is true that a separation agreement which is valid and subsisting will bar an action for a separation by any party thereto (*Drane* v. *Drane,* 207 App. Div. 217), it does not follow that the misconduct of a spouse may not be asserted against a third person suing for necessaries. As recently stated by the Appellate Division of the First Department, " His fault and her right to a separate living are the issues in any action for necessaries, whether the action is brought by the wife or by the supplier of the alleged necessaries ". (*Weidlich* v. *Richards,* 276 App. Div. 383, 385; see, also, *Steisel* v. *Gratzer,* 66 N. Y. S. 2d 526.) It is true that in the *Weidlich* case (*supra*) the court held that the right to counsel fees as necessaries " must depend on the result in the litigation in chief ", or, in other words, that the adjudication in the marital action would be *res judicata* in a subsequent action brought by a third party to recover for necessaries. Inquiry into the validity of that conclusion, and there is authority apparently to the contrary (see e.g., *Gill* v. *Read,* 5 R. I. 343, 346–347, cited with approval in *Gratiot Co. State Bank* v. *Johnson,* 249 U. S. 246, 249; 26 Am. Jur., Husband and Wife, § 372), need not here be made since there has in the case at bar been no " litigation in chief." It follows that the first defense is sufficient in law.

The plaintiff's challenge to the second defense is equally without merit. The law imposes upon a husband liability for necessaries furnished to his wife only where he has failed to provide them and where he has failed to provide her with sufficient funds to purchase them. (*Wanamaker* v. *Weaver,* 176 N. Y. 75, 78–79; *Cromwell* v. *Benjamin,* 41 Barb. 558, 560.) Whether or not the defendant has, in view of the sums received by the wife under the separation agreement, subjected himself to such liability, assuming that his wife was living apart from him through no fault of hers, presents a triable question of fact. As to defendant's statement that the legal services do not constitute necessaries, the court interprets that statement to mean not that such services do not in any case constitute necessaries but that they do not, under the circumstances here presented, constitute necessaries so " as to make the defendant liable or responsible therefor." It may even be, as contended by the defendant, that the separation agreement itself dictates the result to be reached. The court, however, does not pass upon that question since only two paragraphs of the agreement have been made part of the record before it. Accordingly, the court holds that the second defense is also sufficient.

The motion is in all respects denied. Submit order.