# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1878.

## THE VILLAGE OF WARREN
### v.
## JOHN W. WRIGHT.

APPEAL BY VILLAGE—BOND MUST BE GIVEN.—A city or village incorporated under the general law, must give a bond on appeal the same as other parties in a suit.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed December 21, 1878.

Mr. J. W. LUKE, for appellant; that a city or village is not required to file a bond on appeal, cited Rev. Stat. 1874, 242, § 117.

Messrs. D. & T. J. SHEEAN, for appellee; for the motion to dismiss for want of bond filed, cited Laws of 1877, pp. 75, 137.

These two acts are *in pari materia:* Young v. Stearns, 11 Chicago Legal News, 11.

PILLSBURY, P. J. This case was tried at the May term, A. D. 1878, of the Circuit Court of Jo Daviess county, when a judgment was rendered against appellant for $3,000, from which

(420)

the village prayed an appeal to this court, which was allowed by the court below upon appellant filing bond in the sum of four thousand dollars, within thirty days from the adjournment of court with security to be approved by the clerk.

That part of the order relative to the filing of bond, was never complied with by appellant, but the record was filed in this court on appeal without such bond. The appellee now enters his motion herein to dismiss the appeal for want of such bond.

This motion is resisted by appellant on the ground that the village of Warren is organized under the general law, and hence is exempted by that law from giving bond upon appeal.

It does not appear from the record that appellant made any objection to the order of the court allowing the appeal upon condition of filing bond, therefore the question might be raised whether the appellant has not waived any right it might have to appeal without bond.

We prefer, however, to determine the question of the right of a city or village to an appeal under the statute, without bond, upon its merits.

This must depend upon the construction of the statute alone. By the statute, villages by their corporate name may sue and be sued, contract and be contracted with, acquire and hold real and personal property, etc.

This capacity to sue and be sued necessarily includes the right to become a party to the record in any litigation affecting their interests, and it does not appear that they were invested with greater privileges than other suitors by the statute, with the exception that they were exempted from furnishing an appeal bond when they prayed an appeal to a higher court in this State. Rev. Stat., 1874, page 262, § 177.

If this provision of the statute be still in force, there can be no doubt that the appellant would be entitled to an appeal without bond if it insisted upon such right.

The statute of 1845, Rev. Stat., p. 420, § 47, allowed appeals to the Supreme Court provided the party praying such appeal should file bond with sufficient security within the time limited by the court, and under this statute it never was

supposed by the profession that municipal corporations were exempted from such provision, on the contrary, they were ever considered as a "party" within its meaning. This statute of 1845 was incorporated into the act of the General Assembly, approved Feb. 22, 1872, entitled "an act in regard to practice in courts of record," and became section 67 of that act. That the words "the party praying for such appeal" were broad enough, in the opinion of the General Assembly, to include corporations, is evident from the seventy-second section of said act, wherein it is provided that the charitable, educational penal and reformatory institutions under the control of the State, may prosecute appeals without bond, and the act having thus exempted one class of corporations from its operation, it follows that all others were included within its provisions under the well known rule of construction that the expression of the one is the exclusion of the other. That this is the correct view, more clearly appears from the construction placed upon it by the legislature.

The act above referred to was approved Feb. 22, 1872, and the act to provide for the incorporation of cities and villages was not approved until April 10th of the same year, and it was deemed necessary to expressly exempt such incorporations from the provision of the practice act requiring bond, which was done by the 177th section of the subsequent act.

If cities and villages were not included in the prior act, it was a work of supererogation to exclude them by the later act.

We are of the opinion, therefore, that municipal corporations were required by the practice act to file bond upon appeal, the same as any other party, and that Sec. 177 of the act for the incorporation of cities and villages is inconsistent in allowing such appeal without bond, with the practice act.

In 1877, the practice act was amended and section 67 was re-enacted, and the charitable institutions exempted as in the act of 1872. This act is entitled "An Act to amend an act in regard to practice in courts of record. Session Laws of 1877, p. 148, and is the last expressed will of the legislature upon the subject of appeals.

This act does not exclude cities and villages from its operation,

and section 67 being the same as that of 1845 and 1872 is, as we have seen, sufficiently comprehensive to include them, and for the reasons above given, we are of opinion, is inconsistent with section 177 of the act concerning cities and villages.

By the last section of the act of 1877, it is provided that "all laws and parts of laws in conflict with this act are hereby repealed." If then, by the act of 1877, cities and villages are required to file appeal bonds, and by the act of 1872, relating to their incorporation, they are not required so to do, it follows that the two acts upon that subject are in conflict, and being so, the former act is expressly repealed by the subsequent one so far as they are thus in conflict.

This does not rest upon the doctrine of repeal by implication, but having determined that the former act is in conflict with the latest expressed will of the legislature, it is repealed by the express words of the act.

We are therefore of the opinion that the appellant should have complied with the order of the Circuit Court to file a bond, and not having done so, the appeal must be dismissed.

Appeal dismissed.