## Alma Freestate, Appellee, v. Charles P. Freestate, Appellant.

### Gen. No. 31,254.

1. APPEAL AND ERROR—*failure of certificate to show all of evidence as necessitating reversal of order in divorce proceeding for increased maintenance.* An order in a divorce proceeding for increased maintenance for defendant's daughter, accompanied by a certificate which does not show all the evidence sufficiently for the Appellate Court to pass upon the order intelligently, must be reversed.

2. DIVORCE—*jurisdiction to increase maintenance allowance of invalid daughter 10 years after entry of divorce decree.* Although a petition for increased maintenance for defendant's invalid daughter was not filed in divorce proceedings for more than 10 years after entry of divorce decree, the court had jurisdiction to enter an order therefor upon proper showing.

3. DIVORCE—*when increased maintenance allowable to invalid daughter of defendant after she has attained majority.* Although she is 23 years of age, the court may require upon proper showing that the invalid daughter of defendant in divorce proceedings be supplied by him with increased maintenance.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed April 6, 1927.

P. J. TEN HOOR and WILLIAM B. MOAK, for appellant.

CHARLES E. ERBSTEIN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On May 7, 1926, Alma Freestate filed her petition in a divorce proceeding in which a decree of divorce had been entered December 16, 1916, in her favor and against the defendant Charles P. Freestate, praying that an order be entered requiring the defendant

Freestate v. Freestate, 244 Ill. App. 166.

to pay to the petitioner sufficient money to enable her to pay for necessary medical aid for the treatment and for the support of their child Della Freestate. A demurrer to this petition was overruled and the defendant answered. A hearing was had and an order entered that the defendant pay the petitioner $50 per month to be used for the maintenance of the child, including physician's expenses. From this order the defendant prosecutes this appeal.

The record discloses that on October 10, 1916, Alma Freestate filed her bill for a divorce against Charles P. Freestate, personal service was had upon him, he was defaulted and a decree of divorce entered in favor of the complainant and against the defendant, and she was awarded a lump sum of $550 alimony, which was paid. Complainant was also given the care and custody of their then minor child, Della Freestate, but no provision was made for the support and maintenance of the child. The child has been an invalid since she was two years old and on the hearing in the instant case it was found that she was still an invalid and would probably continue to be such, at least for a long period of time. It also appears from the record that neither the petitioner nor the child had any substantial means of support; that the defendant, Charles P. Freestate, the father of the child, has been paying his former wife for the support of the child $40 per month for a considerable period of time and that he expects to continue such allowance. But it is his position that he is unable to pay more and that the court was without jurisdiction to enter the order because the divorce proceedings had long since been terminated and for the further reason that Della Freestate, their daughter, is now 23 years of age. It appears from the record that the matter was brought up a number of times before the chancellor in a rather informal manner, some evidence was heard from time to time, but it is apparent that all of the evidence heard by

the chancellor is not shown by the certificate of evidence, although it is certified that that document contains all of the evidence. This is obvious from the fact that when the matter came up for hearing the last time, the defendant husband asked the court for permission to offer evidence tending to sustain the allegations of his answer, but this was denied, the court stating that he had already heard the case. What this evidence was, that the court had previously heard, is not in the record. Of course, the evidence should be preserved in the certificate of evidence so that a court of review can intelligently pass upon the matter. This we are unable to do and for that reason the order must be reversed. We are of the opinion that the court had jurisdiction in the matter and had authority to enter such order as might be proper for the support and maintenance of the invalid child, although the petition was not filed for more than 10 years after the time the divorce was entered. In *Kelley v. Kelley,* 317 Ill. 104, it was held that a wife who was suing her husband for a divorce could not obtain alimony unless she did so at the time the decree was entered, but that subsequently she might file a petition in the divorce proceeding and obtain support for the minor children upon a proper showing being made. It was there further held that where a wife obtained a divorce from her husband and the decree made no provision for alimony, the former husband was under no obligation to support his former wife, but that his obligation to support his minor children was not affected by the decree of divorce although the decree made no provision for the support of the children and that by virtue of the provisions of section 18 of the Divorce Act, Cahill's St. ch. 40, ¶ 19, a petition might afterwards be filed and an order entered in the divorce proceeding requiring the father to support his children. Section 18 of the Divorce Act, Cahill's St. ch. 40, ¶ 19, provides that when a

decree of divorce is entered, the court may from time to time, upon application, make allowances for the "maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." It will be noted that the statute does not specifically refer to children who are minors.

The question whether such support can be obtained where the children are adults, but are invalids and incapable of taking care of themselves, has never been passed upon by this court or by the Supreme Court of this State, so far as we are advised.

The obligation on the parent's part to maintain and support his child continues until the latter is in condition to provide for his own maintenance. 1 Schouler on Domestic Relations, § 780 (6th Ed.). And that authority in considering the parent's obligation to support his children says (§ 795): "In general, the legal obligation of the father to maintain his child under the common law ceases as soon as the child is of age, however wealthy the father may be, unless the child becomes chargeable to the public as a pauper." In 20 R. C. L. (p. 586) in discussing the duty of the parent to support his adult child it is said: "The general rules of the law of parent and child, being based on the child's incapacity, both natural and legal, and its consequent need of protection and care, apply only while the child is under the age of majority. * * * But where a child is of weak body or mind, unable to care for himself after coming of age, and remains unmarried and living in the father's home, it has been held that the parental rights and duties remain practically unchanged. The father's duty to support the child continues as before." The rule is laid down to the same effect in 29 Cyc. 1612. And in the case of *Crain v. Mallone,* 22 L. R. A. (N. S.) 1165, the court of appeals of Kentucky said (p. 1166): "The duty and obligation of a parent to care for his offspring does not necessarily terminate when the child arrives at age

or becomes an adult; nor is it limited to infants and children of tender years. An adult child may from accident or disease be as helpless and incapable of making his support as an infant, and we see no difference in principle between the duty imposed upon the parent to support the infant and the obligation to care for the adult who is equally, if not more, dependent upon the parent. In either case the natural, as well as the legal, obligation is the same if the parent is financially able to furnish the necessary assistance.'' The Supreme Court of Vermont held to the same effect in the case of *Rowell v. Town of Vershire*, 62 Vt. 405. In that case it was held that a father was liable for the support of his 23-year-old daughter, she being of weak mind. The court there said, quoting from an earlier case decided by the same court, (p. 407): " 'Upon the ground of humanity,' as said in the case first cited, she remained a part of the plaintiff's family after she reached the age of majority as much as she did before, and the same policy which prohibits the separation of the father from his unemancipated children for the purposes of support prohibited the separation of this daughter from the plaintiff for such purpose.''

Under the authorities above cited, we are of the opinion that, in the instant case, the court, in case a proper showing is made, has authority to require the father to contribute to the support of his invalid child, although she is 23 years of age.

For the reasons above stated, the order of the Circuit Court of Cook county is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

TAYLOR, P. J., and THOMSON, J., concur.