**LeRoy Engles, Appellee, v. Sam Rosenthal and Ray Rosenthal, Appellants.**

**Gen. No. 37,418.**

 Heard
in the second division of this court for the first district at the February term, 1934. Opinion filed March 6, 1934. Rehearing denied March 21, 1934.

SHULMAN, SHULMAN & ABRAMS, for appellants; MEYER ABRAMS, of counsel.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal by defendants, as appears from the appeal bond filed with and approved by the clerk of the superior court of Cook county, from an interlocutory order of that court entered January 19, 1934, appointing William T. Donahue as receiver of the improved premises involved. The defendants are the owners of the equity of redemption. No appearance or brief has here been filed by complainant.

The sworn bill of complainant, as a successor trustee elected by a majority of the holders of bonds secured by the trust deed sought to be foreclosed, was filed on December 30, 1933, and after notice to defendants (who had entered their appearance), complainant moved for the appointment of a receiver *pendente lite*. In the court's order, appealed from, it is re-

cited that "the holders of the equity of redemption, together with all parties involved, have been duly served with notice of the motion" and that the court has read the sworn bill, and has "heard evidence as to the value of the property described in the trust deed." And the court found *inter alia* that it was provided in the trust deed that, upon the filing of a bill to foreclose, a receiver with usual powers might be appointed for the premises; that the rents, issues and profits of the premises were pledged, as security for the payment of the indebtedness secured thereby, and were expressly conveyed and assigned to the trustee; that "it is necessary for the preservation of the premises that a receiver be appointed,—it appearing to the court that it is probable that there will be a deficiency after sale"; and that "the premises *are scant security* for the amount due." And the court, after appointing Donahue as receiver until further order and setting forth his powers and duties, further adjudged that defendants, their agents, etc., and all other persons, firms and corporations, are enjoined "from interfering with, attaching, levying upon, or in any manner disturbing the property, including the rents, issues and profits arising therefrom over which said receiver is appointed as such, . . . or from in any manner interfering with or preventing the discharge by the receiver of his duties as such." On January 23, 1934, defendants' counsel moved the court, supporting the motion by a petition, that the order appointing the receiver "be vacated" and that defendants "be given leave to operate and manage the property under a surety bond in the sum of $2,000, or other sum that the court may suggest, and to account monthly, and to turn over the net income to the trustee for the payment of taxes, subject to the form of the order to be entered by the court." After a hearing the motion was denied. The present appeal, solely from

the order *appointing the receiver,* was perfected in this court by the filing of the clerk's transcript of the record on January 29, 1934.

In our new Practice Act, in force January 1, 1934, section 78 thereof (Cahill's St. 1933, ch. 110, ¶ 206, p. 2160) relates to "Appeal from interlocutory orders concerning injunctions and receivers." Its provisions are the same, with one exception, as those contained in section 123 of our former Practice Act, in force for many years. To the sentence, as contained in section 123, viz.: "The force and effect of such interlocutory order or decree and the proceedings in the court below shall not be stayed during the pendency of such appeal," there are, in said section of the new act, added the words: "except upon order of the Appellate Court or a judge thereof in vacation." On January 30, 1934 (one day after the transcript of the record was here filed and on the same day that defendants' abstract and printed brief were filed) defendants' counsel appeared and moved to "stay the force and effect of the interlocutory order appointing the receiver and issuing the temporary injunction, pending the disposition of this interlocutory appeal, upon the filing of a bond with proper surety to be approved by this court." We denied the motion. Our reasons for the ruling are: (1) That in the statute, as amended, the provision still remains that the force and effect of the interlocutory order or decree appealed from "shall not be stayed during the pendency of such appeal," but that a discretionary power is apparently given to this court, or to a judge thereof in vacation, to temporarily stay said order or decree, pending a full hearing as to its legality or rightfulness; (2) that such discretionary power should be sparingly exercised, especially as it is provided in the statute and by rules of this court that such full hearing shall be given "precedence of other cases" and an early hear-

ing of such cases generally is had; (3) that such discretionary power should not be exercised upon a mere motion to stay, etc., even when accompanied by an offer to file a bond as in the present case, because there is no suggestion in the statute that a stay may be granted under such conditions; (4) that such discretionary power may only be granted in a case where it is *clearly* disclosed from the record that the trial court had erred in the entry of the order or decree, and that damage must result to the complaining party because of its entry before there can be a hearing on the merits of the appeal in usual course; and (5) that in the present case it was not sufficiently shown that such discretionary power should be exercised.

In complainant's bill there is set forth the execution and delivery on May 16, 1928, by Sam Rosenthal and wife and one Morris Sevin and wife, of certain bonds, aggregating $105,000, and due on May 16, 1934, and of the trust deed securing them running to the Kasper-American State Bank, as trustee; that the interest on the bonds was at the rate of $5\frac{1}{4}$ per cent per annum, payable semiannually, on the 16th days of May and November of each year, as evidenced by coupons; that it was provided in the trust deed that in case of default for 30 days in making payment of any of the bonds, either of principal or interest, the whole of the principal sum should at once and without notice become due and payable at the option of the holder or holders of any of the unpaid bonds; that there were partial defaults in payments of the interest due on November 16, 1932, and May 16, 1933, and a total default in the payment of interest due on November 16, 1933; that on June 24, 1932, the trustee named in the trust deed, Kasper-American State Bank, became insolvent and closed its doors; that thereafter one Arthur H. Meyer was appointed receiver of the bank by the auditor of public accounts of Illinois, and the

appointment was ratified by the superior court of Cook county; that on December 16, 1933, Meyer, as such receiver, caused the resignation of the bank, as trustee of the trust deed, to be executed and filed for record; that on the same day the holders of a majority of the bonds (no part of the principal of which had been paid), in accordance with power conferred in the trust deed, elected complainant as successor trustee, and he in writing duly accepted the trust; that Meyer, as such receiver of the bank, holds seven of the unpaid bonds aggregating $7,000; that because of the defaults in the payment of interest on the bonds, which have continued for more than 30 days, Meyer has demanded that complainant, as successor trustee, institute proceedings to foreclose the trust deed; and that accordingly complainant, as such trustee, brings the present suit on behalf of every one of the holders of the bonds or unpaid interest coupons, etc. The bill further alleged in substance:

That Rosenthal and wife and Sevin and wife did not pay a balance due for the 1928 general taxes, levied against the premises, amounting to $1,514.30; nor the 1929 general taxes amounting to $3,508.92; nor the 1930 general taxes amounting to $3,828.97; nor the 1931 general taxes, amounting to $2,838.76; nor did anyone pay any part of said taxes for them; that certain objections as to the payment of the taxes are pending in the county court and undisposed of; that complainant has been compelled to advance various sums of money for costs, expenses, solicitor's fees, etc., and will be compelled to pay out other necessary sums for payment of taxes on the premises and for other purposes, and for expenses to hereafter be incurred, etc.; and that said trust deed specifically pledges the rents, issues and profits of the premises, and provides for the appointment of a receiver, etc.

That the premises are located at the southwest corner of South Cicero avenue and Gladys avenue in Chicago, and are improved with a three-story and basement brick store and flat building; that complainant "is *informed and believes,* and therefore shows, that said property constitutes scant, meager and inadequate security for the indebtedness herein sought to be foreclosed"; that "the market value of the premises has materially decreased since the time when the trust deed was executed, and that, in complainant's opinion, the market value *does not now exceed the sum of $90,000,* and is not sufficient to equal the amount of the unpaid indebtedness due under the trust deed"; that in the event a foreclosure decree is entered and a sale is had pursuant thereto, "the moneys realized therefrom will be insufficient to pay in full the indebtedness secured by the trust deed, together with necessary costs," etc.; that "unless a receiver is appointed complainant's interests will be greatly injured and the value of his security further impaired and diminished"; and that "it is necessary for the protection of complainant that a receiver be appointed herein to take charge and possession of the mortgaged premises, and of the earnings, revenues, rents, issues and profits thereof."

One of the contentions of counsel for defendants is that the allegations of the bill are insufficient to warrant the appointment of a receiver. While it is true that one of the important allegations of the bill as to the inadequacy of the security is, as counsel points out, made on "information and belief," yet we are of the opinion that the allegations of the bill in their entirety warranted appointment of a receiver, *pendente lite.* And it appears from the order in question that before it was entered the court *"heard evidence* as to the value of the property," and that from that evidence, together with the allegations of the bill, the

court found that "it is necessary for the preservation of the premises that a receiver be appointed" and that "the premises *are scant security* for the amount due."

And defendants have not seen fit to prepare and present a certificate of evidence as to what transpired on said hearing.

It is also contended that the granting of the interlocutory order for the *injunction,* as mentioned in the court's order, was not justified because the bill did not contain any prayer for an injunction. A sufficient answer to this contention is that the present appeal is solely from the order appointing the receiver.

It is further contended that the order appointing the receiver "was arbitrary, an abuse of discretion and should be reversed," because it appears "that complainant, as trustee, and defendants had in open court *consented to permit the owners to remain in possession* upon furnishing a surety bond to account for the income." We find nothing in the present record that justifies counsels' statement that complainant gave any such consent or made any such agreement.

Other contentions are made by counsel as grounds for a reversal of the order. We have considered them and find them to be without substantial merit.

The interlocutory order appealed from, appointing a receiver of the premises, should be affirmed and it is so ordered.

*Affirmed.*

Sullivan, P. J., and Scanlan, J., concur.