Leonard Abbott et al., Appellees, v. William A. Lee, Albert W. Williams and John J. Ahern, constituting the Civil Service Commission of City of Chicago, Appellants.

Gen. No. 47,151.

First District, Second Division.

April 9, 1957.

Rehearing denied April 30, 1957.

Released for publication May 21, 1957.

297

John C. Melaniphy, Corporation Counsel of City of Chicago, for defendants-appellants; Sydney R. Drebin, and Harold M. Nudelman, Assistant Corporation Counsel, of Chicago, of counsel.

Michael F. Ryan, of Chicago, for plaintiffs-appellees; Richard F. McPartlin, Jr., of Chicago, of counsel.

JUDGE McCORMICK delivered the opinion of the court.

An action for declaratory judgment was brought by Leonard Abbott and others (hereafter referred to as plaintiffs), all of whom were patrolmen of the police department of the city of Chicago, against William A. Lee, Albert W. Williams and John J. Ahern, constituting the civil service commission of the city of Chicago (hereafter referred to as defendants), to have the court declare the sergeant's promotional examination held by the Chicago civil service commission void because of the alleged failure of the commission to comply with certain provisions of the Civil Service Act and with its own rules and regulations. The complaint also asked for a temporary injunction enjoining the civil service commissioners of the city of Chicago from publishing a promotional eligible register for sergeants of police. Pursuant to a petition by one of the plaintiffs the trial court issued a temporary injunction so enjoining the commission, from which order of the Circuit Court of Cook county this appeal is taken. The trial court entered an order waiving the filing of a bond by the defendants.

In their brief the plaintiffs urge that the appeal should be dismissed because the defendants did not file a bond in compliance with section 78 of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 78)

governing appeals from interlocutory orders. The defendants claim that as public officers they were exempted from such requirement. In order to properly evaluate the arguments advanced concerning this contention it is necessary to examine some of the earlier cases dealing with the issues herein involved.

In Village of Warren v. Wright, 3 Ill. App. 420 (1878), the village, in the trial court, prayed an appeal, which was allowed conditioned upon the village filing bond within thirty days. The record was filed in the Appellate Court without the bond having been filed. The plaintiff thereupon moved to dismiss the appeal. The court therein held that the right of a city or village to appeal without bond depends entirely upon the construction of the statute, and held that while under the statute cities and villages may sue and be sued in their corporate name, they were not invested with greater privileges than any other suitors, nor could they be except by a specific statutory provision. In its opinion the court also pointed out that the Practice Act approved February 22, 1872 did not exempt cities and villages from the necessity of filing a bond on appeal. That Act (sec. 67) provided that appeals should be initiated by the allowance of a prayer for appeal in the trial court conditioned upon the filing of a bond with sufficient security to be approved and filed within a time limited by the court. In another section of the Act (sec. 72) charitable, educational, penal and reformatory institutions under the control of the state were relieved from the necessity of filing such bond. The court also noted that the Cities and Villages Act, approved April 10, 1872, in article. 10, section 9, provided that a city or village on prayer for appeal should not be required to furnish an appeal bond. The Practice Act (sec. 67) containing the same provisions above referred to was subsequently re-enacted in 1877, and contained a pro-

vision repealing all laws and parts of laws in conflict therewith. The court held that under a proper construction of the Practice Act then in force municipal corporations would be required to file a bond unless they fell under the specific exclusionary clause and that it was the legislative intent by the enactment of the Practice Act of 1877 to repeal section 9, article 10, of the Cities and Villages Act. Hence the municipality was by the terms of the Act required to file bond. The court dismissed the appeal.

In July 1879 the Practice Act was amended to exempt municipal corporations from filing bond in "all cases of appeal or writ of error by them from any inferior court to any higher court," and provided further that the Supreme Court or Appellate Court might grant them writs of supersedeas without the necessity of filing a bond (sec. 71).

In Holmes v. City of Mattoon, 111 Ill. 27 (1884), an attack was made on section 71 of the Practice Act on the ground that it violated the provisions of the Illinois constitution. The court in its opinion pointed out that the state has an inherent right to prosecute or defend criminal and civil suits without liability for costs, damages or forfeitures and has constantly prosecuted writs of error without bonds or any restrictions whatsoever. The court stated that municipal corporations, when suing or defending in their official capacity for the benefit of the public, are instruments of the state to carry out its powers for the public welfare, and they may have extended to them the same exemptions in suits as belong to the state. The court quoted with approval from Andrews v. Rumsey, 75 Ill. 598: " '. . . The language, "Appeals and writs of error shall be allowed from the final determination of county courts, as may be provided by law," (Const. sec. 19, art. 6,) is too plain to admit of doubt that it is purely a question for the legislature to determine how and

300

upon what terms such appeals shall be granted.' " The court held that section 71 of the Practice Act was constitutional.

In 1887 the legislature amended the Practice Act and incorporated therein a provision that interlocutory appeals might be taken, providing that any party taking such appeal should give bond.

In City of Chicago v. O'Hare, 124 Ill. App. 290 (1906), an appeal from an interlocutory order was taken by the city without giving bond. The court cited with approval Harding v. Harding Incandescent Co., 98 Ill. App. 141 (1901), which stated: "The right of appeal is a matter of statutory creation, not a common law right. Hence conformity to the statute is essential and a lack of it jurisdictional." The court held that section 71 (cited therein as section 72) of the Practice Act which exempted municipal corporations from the necessity of filing bonds in all cases of appeal governed; that it included appeals from interlocutory orders; that the two sections of the Practice Act were not repugnant, nor could the section permitting the city to appeal without filing bond be deemed to have been repealed by the section dealing with interlocutory appeals. Section 71 was treated by the court as being an exemption in favor of municipal corporations which must be read into the provision of the Practice Act dealing with interlocutory appeals.

In McCarthy v. City of Chicago, 197 Ill. App. 564 (1916), the city took an appeal from an interlocutory order of injunction. A motion was filed by the appellee to dismiss the appeal on the ground that the appellant had not complied with the provision of section 123, chapter 110, Hurd's Rev. Stat. of Illinois, 1911, which provided that an appeal from an interlocutory order must be taken within thirty days from the entry of such order and perfected in the Appellate Court within sixty days from its entry, and that the party taking

such appeal shall give bond to be approved by the clerk of the trial court. In its opinion the court points out that the only manner in which an appeal can be taken is by filing a bond approved by the.clerk of the court below, citing cases. It also points out that in City of Chicago v. O'Hare, supra, it was held that section 98 of the Practice Act providing that municipal corporations may in all cases take an appeal or sue out a writ of error without giving bond included appeals from interlocutory orders or decrees; but the court further says: "However, the mere fact that municipalities are exempt from filing a bond does not alter or detract from the rule of law laid down in the foregoing decisions that the benefit of an appeal can be had only by strict conformity to the provisions of the statute by which the right is created." The court held that since the city did not comply with the further provision. of the statute requiring that the appeal must be perfected in the Appellate Court within sixty days the appeal should be dismissed.

Under the Practice Act of 1872, as amended, it was provided (Cahill's Ill. Rev. Stat. 1931, chap. 110, sec. 92) that in all cases an appeal must be prayed for and allowed by the trial court with bond to be approved and filed.

A new Practice Act was adopted in 1933 and the provision with reference to interlocutory appeals was enacted as section 78. This section, as amended July 21, 1941, provided that a bond must be given; that the appeal must be taken and record filed in the Appellate Court within thirty days from the entry of such interlocutory order or decree unless extended as therein provided; that no notice of appeal need be filed in perfecting an appeal under this section. (The provision in the former Practice Act to the effect that the appeal must be "perfected" in the Appellate Court within sixty days was not included.) The Practice

302

Act of 1933 also provided (sec. 76) that other appeals were perfected by the filing of a notice of appeal by the appellant in the lower court, and that such filing is the only step in the appeal procedure which is deemed jurisdictional. There was no requirement that in any appeal other than one from an interlocutory order need a bond be filed. If a bond was filed, the appeal would operate as a supersedeas (sec. 82), and in this section there was a further provision that where an appeal is prosecuted by a public, municipal, governmental or quasi-governmental corporation, or by any public officer in his official capacity for the benefit of the public, the trial or reviewing court or any judge thereof may, without requiring a bond, order that the appeal operate as a supersedeas.

The Practice Act adopted in 1955 in substance re-enacted section 78 dealing with interlocutory appeals, but specifically provided that "the appeal shall be perfected by the filing of a bond in the trial court, approved by the clerk or the judge thereof . . .," and also that in such appeals a notice of appeal was unnecessary.

The plaintiffs argue that since there is no statutory provision dispensing with the necessity of a municipal corporation filing a bond in an appeal from an interlocutory order, failure to file such bond is fatal since the filing of a bond in perfecting the appeal is jurisdictional. The defendants contend that section 82(3) of the Civil Practice Act, which provides that municipal corporations may be granted supersedeas without the necessity of filing a bond, should be construed so as to hold that it was the legislative intent that in no case of an appeal by a municipal corporation was a bond necessary. In other words, the defendants' contention is that the former section 98 of the Practice Act in force before the adoption of the Act of 1933 should be by implication made a part of section 82(3).

■ Section 98 of the former Practice Act was repealed in 1933. Section 9, article 10, of the Cities and Villages Act was repealed in 1941. In both of the repealed sections it was provided that in all cases municipal corporations were exempted from filing a bond in all appeals taken by them. There is no provision of like tenor in the present statutes. It is well established that a municipal corporation has no greater right in the taking of an appeal than any other litigant except where it is so specifically provided by statute. Village of Glencoe v. Industrial Com., 354 Ill. 190 (1933), came before the Supreme Court on a writ of error to review a judgment confirming an award of the Industrial Commission under the provisions of the Workmen's Compensation Act. Application for certiorari had been filed in the trial court. A motion to quash the writ on the grounds that the bond was not properly approved was not passed upon, and in the Supreme Court it was urged that the court below was without jurisdiction. It was argued that the village was not required to give bond. The case was heard in the trial court before the Practice Act of 1933 was enacted and while section 98 of the former Practice Act was in full force. The court there held that neither the then Practice Act (sec. 98) nor section 9, article 10, of the Cities and Villages Act was applicable inasmuch as the Workmen's Compensation Act, an Act complete in itself, provided that no writ of certiorari shall issue without the filing of a bond. The court held this provision applied to municipal corporations and ordered the writ of certiorari to be quashed.

■ The section of the statute dealing with interlocutory orders is complete in itself. It provides, among other things, that only the Appellate Court can enter an order staying the force and effect of an interlocutory order or decree during the pendency of the appeal. Section 81(1) of the Practice Act dealing with

304

supersedeas in the case of appeals from final judgments provides that either the trial court or the Appellate Court may enter an order for supersedeas upon the filing of a bond. Reading this section in its entirety it is apparent that it has no connection with the section dealing with appeals from interlocutory orders, and it must always be kept in mind that the legislature has repealed the only two sections which exempted municipal corporations from filing bonds in all cases of appeal. In construing a statute the court has the right to consider the legislative intent, but it is not permissible to read into one section of the statute another section dealing with an entirely diverse matter. To do so would require the court to hold that when the legislature made the filing of a bond in all cases in appeals from interlocutory orders jurisdictional it did not mean what it said. It is true that the bond required to be filed is a cost bond, but the type of bond is immaterial since the filing of the bond perfects the appeal and confers jurisdiction upon the Appellate Court. J. H. Walters & Co. v. Canham Sheet Metal Corp., 8 Ill.App.2d 121.

The defendants cite Engles v. Rosenthal, 274 Ill. App. 272 (1934) as holding that an appeal from an interlocutory order was perfected by filing a transcript of the record in the Appellate Court. That case is not applicable here because it is specifically provided in section 78 of the Practice Act of 1955 that the filing of a bond perfects the appeal.

■ The defendants also urge that the plaintiffs have waived any objection they might have to the entering of the order in the trial court waiving the filing of a bond since they made no objection. In C., P. & S. W. R. R. Co. v. Trustees, 104 Ill. 91, it was argued that where an order was entered in the lower court allowing an appeal upon the filing of a bond within a certain period and where, the bond not having been

filed and the appellee having filed with the Appellate Court a waiver of any appeal bond, the appeal was thus fully perfected. The court held that the waiver did not operate to perfect the appeal and that the parties were in the same condition they were before it was filed, and the appeal was dismissed. This decision is in accord with the ordinary rule that it is impossible to confer jurisdiction of the subject matter by waiver or agreement.

If the statute had in apt words excused the defendants from the necessity of filing a bond in their appeal from the interlocutory order, the entry of any order waiving the requirement would be unnecessary and inappropriate. Without such a statutory provision the entry of such an order was futile. The appeal of the defendants from the order of the Circuit Court of Cook county is dismissed.

Appeal dismissed.

ROBSON, P. J. and SCHWARTZ, J., concur.

MEMORANDUM ON OVERRULING PETITION FOR REHEARING

This memorandum is filed in order to further clarify the opinion as filed.

 The filing of a bond in an interlocutory appeal is significant because there must be some time definitely fixed at which the Appellate Court acquires jurisdiction of the action. By providing that the filing of a bond perfects the appeal, the legislature has specifically determined the time when the jurisdiction of the Appellate Court attaches. In an appeal from a final judgment the appeal is perfected by the filing of the notice of appeal and the jurisdiction of the Appellate Court attaches at the time of the filing of such notice. In an appeal from an interlocutory order there is no notice of appeal. Unless a bond is filed it

cannot be determined when the jurisdiction of the Appellate Court attaches. It is not necessary for all parties affected by the order appealed from to prosecute such appeal. The parties must be identified in order for the Appellate Court to enter an ultimate judgment including that for costs in favor of or against the appropriate parties. The only statutory method provided for such identification in an interlocutory appeal is the filing of the bond. That identification must appear from the record, of which the bond, when filed, would necessarily be a part. Such identification cannot be based merely upon a statement by counsel in a brief. A municipality under the Act must file a bond in an appeal from an interlocutory order in order to perfect the appeal. Such compliance by a municipality with the statute need not impose any hardship upon it. The trial court might, if it saw fit, approve such a bond without requiring a surety thereon.