Vera Saxon, Plaintiff-Appellee, v. Michael R. Saxon, Defendant-Appellant.

**Gen. No. 47,828.**

First District, Second Division.
January 19, 1960.
Released for publication February 23, 1960.

Samuel Saxon, of Plainfield, for appellant.

Jerome Berkson, of Chicago, for plaintiff-appellee.

JUSTICE KILEY delivered the opinion of the court.

This is the second appeal by defendant, the husband in this case, from orders pertaining to child support and attorney fees. In the first appeal, 20 Ill.App.2d 477, this court reversed an order which provided for $250 per month support for Susan Saxon and $1000 for plaintiff's attorneys, and remanded the cause for further hearing. The instant appeal is from an order entered upon plaintiff's amended petition following the remandment.

The parties were married June 24, 1934, and divorced November 20, 1945. Plaintiff, the wife, was given custody of their two children, Linda and Susan, both minors at the time. The divorce decree set forth the terms of a contemporaneous settlement agreement. In accordance with the agreement, the decree provided for alimony for plaintiff and $100 per month support for the children, the assignment by defendant to plaintiff of a $10,000 life insurance policy naming her "irrevocable beneficiary," and the assignment by him to the children of "one" $10,000

policy naming them "joint irrevocable beneficiaries." Also in accordance with this agreement defendant was ordered to "take out" and pay premiums on two $2500 educational policies for the children, to mature when they reached 18 years of age.

Plaintiff remarried after the divorce, and her alimony ceased. Upon her remarriage she was bound, under the agreement, to transfer her insurance policy to the "two children." Her husband died in July, 1955.

In an agreed order between the parties, entered November 9, 1955, the decretal provision for the children was increased to $150 per month for each child; defendant was ordered to convert the two $10,000 insurance policies to ordinary life insurance and to pay the premiums until December 31, 1964, when his obligation to do so "shall cease"; plaintiff was ordered to do whatever was necessary to transfer to the children the benefits of the policy given to her; and defendant was ordered to "pay up" a policy with daughter Linda as beneficiary, and should she predecease defendant, the benefits then to Susan. In June, 1957, Linda became of age and was later married.

On March 20, 1958, plaintiff petitioned the court for an increase in the allowance for Susan from $150 per month to $400, and for $1000 plaintiff's attorney fees. The chancellor ordered increased support of $250 per month for Susan and attorney fees of $750. This order was the subject of the first appeal and this court reversed the order and remanded the cause for the taking of sworn testimony. 20 Ill.App.2d 478.

This court's mandate was filed March 1, 1959, and on March 11, plaintiff filed her amended petition. She alleged that Linda's support money ceased in June, 1957; that Susan needed an estimated $4000 for support in the school year 1958–59; that plaintiff's own

net income was reduced from about $11,800 in 1955 to about $680 in 1958; and that plaintiff was buying a home, paying $100 per month, for herself and Susan. She prayed for an allowance of $100 per week, nunc pro tunc, as of April 22, 1958, the date of the order appealed from, and for $1000 attorney fees.

Defendant answered denying the increased needs of Susan and plaintiff's decreased income, but admitting gross income for 1958 of $41,000, which is $16,000 more than his gross income when the $150 per month order was entered in 1955. He also filed a cross-petition seeking to modify the 1955 order, praying for relief "at once" from payment of premiums on the policy for Linda, and for relief, in June, 1961, the date of Susan's majority, from payment of the premiums on the policy for Susan. The court "having heard the testimony" denied the prayer of the cross-petition, increased the allowance for Susan from $150 to $200 per month, "nunc pro tunc as of March 20, 1958," and allowed plaintiff's attorney $750 in fees. This order is the subject of the instant appeal and cross-appeal.

■ ■ Plaintiff's cross-appeal challenges the increased child support for Susan as "grossly inadequate," having no relation to defendant's increased income. The order was based on evidence heard by the trial court but not presented to us. In the absence of a transcript, we presume that the evidence supported the findings. Shoup v. Alexander Motor Garage, Inc., 333 Ill. App. 46. And we cannot find, as a matter of law, an allowance "grossly inadequate" which provides $200 per month for 16 year old Susan and which orders defendant to pay all of Susan's "medical, dental and drug expenses."

■ Plaintiff also contends that the allowance in the instant order for her attorney's services in the trial court should have been $1600 instead of $750.

119

The claim is based on services performed after this court's remandment upon reversing the allowance order of April 22, 1958. The cause was remanded for the taking of testimony which should have been taken before. The chancellor presumably considered $750 sufficient under those circumstances, especially in the light of the previous allowance of $500 for defending the first appeal and the instant $750 allowance for defending the order on this appeal. This matter was in the discretion of the chancellor, and we see no abuse.

There is no merit in the cross-appeal.

■ We see no merit, either, in the contention of defendant on appeal that the court had no jurisdiction to order defendant to pay the premiums on the life insurance for benefit of an adult child. The fact that Linda was an adult at the time of the order is not vital. Maitzen v. Maitzen, 24 Ill.App.2d 32, 1st Dist., defendant agreed in 1945 to provide the policy and the chancellor so ordered. Later in 1955 he insisted on its assignment to Linda. He is in no position to argue that the chancellor had no power to protect her interest in the policy in an order "touching the . . . support" of Linda. Divorce Act, ch. 40, sec. 19, Ill. Rev. Stat. (1957). Nor is there merit in the claim that the chancellor did not have power to amend in 1959 the divorce decree of 1945. The decree was modified in accordance with the power reserved to the court in the Divorce Act "from time to time [to] make such alterations in the allowance of alimony . . . and . . . support of the children, as shall appear reasonable and proper." Ch. 40, sec. 19, Ill. Rev. Stat. (1957). The case of Recklein v. Recklein, 327 Ill. App. 641, cited by defendant, is inapplicable because the decree there made no allowance for child support or alimony.

■ The nunc pro tunc order relating the increased allowance to the date of the March 28, 1958 order,

is invalid. There was no minute of an order for $200 per month made on April 22, 1958, on which to base the nunc pro tunc order. Gould v. Gould, 340 Ill. App. 638. There was no omission to record an order for $200 per month made that day. Briggs v. Briggs, 299 Ill. App. 577. There was then made only the erroneous order for $250 per month. We conclude, therefore, that there was no basis for the nunc pro tunc order and it is void.

However, it is also true that this court in a similar situation, in Bramson v. Bramson, 17 Ill.App. 2d 87, 95, found that the trial court order there of February 4, 1959, "should be modified to require defendant to pay plaintiff the sum of $700 as permanent alimony from November 9, 1953. . . ." The court stated that the payments should be "in reasonable installments to be determined by the chancellor," and reversed the order and remanded the cause for entry of an order in accordance with the court's opinion. We infer that the chancellor was directed to enter an order which would find the amount due on February 4, 1953, on the basis of $700 per month, and, after crediting Bramson for payments before that date, order the net amount paid in reasonable installments. That is different from a nunc pro tunc order. The Bramson case is authority for modifying the instant order to provide for the payment in reasonable future installments of an amount equal to $50 a month from April 22, 1958, to April 24, 1959, the period sought to be covered by the nunc pro tunc order.

██ Defendant contends the allowance of $750 to plaintiff's attorney for his services in modifying the 1955 order is excessive. Since there is no transcript of the hearing before us, and since it is conceded that the evidence in support of the allowance was not challenged, we presume the allowance was a proper exercise of the chancellor's discretion. We see no basis

121

for upsetting the allowance because plaintiff prosecuted a cross-appeal. The cross-appeal would not be here had not defendant appealed.

The chancellor found that Susan's needs were $200 per month, and presumably found that this need existed from the date of the erroneous order of April 22, 1958. Under that finding he sought to do justice by providing that "the Order of Support of Nov. 9, 1955 . . . is modified and increased to $200 per month nunc pro tunc as of March 20, 1958." He should not have made the improper nunc pro tunc provision, however, but should have made the provision similar to that directed by the court in the Bramson case. The instant order should be modified to require defendant to pay plaintiff, for Susan's support, the sum of $200 per month from April 22, 1958, in reasonable future installments giving defendant credit for the payments of $150 per month made for Susan from April 22, 1958.

The order is affirmed in all respects except for the nunc pro tunc provision which must be stricken. The cause is remanded for the purpose of modifying the order consistent with this opinion.

Affirmed in part, reversed in part and remanded with directions.

MURPHY, P. J. and BURMAN, J., concur.