Harriette O'Berry, Plaintiff-Appellee, v. Versye O'Berry, Defendant-Appellant.

Gen. No. 48,730.

First District, Second Division.

June 19, 1962.

Dixon, Ewell, Graham & Vital, all of Chicago, for appellant.

Joseph H. and Norman Becker, Harry G. Fins, all of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

The parties were married on June 16, 1942, and lived as husband and wife until May 21, 1955. They became parents of Evelyn, born on March 15, 1944. On December 29, 1955, a decree dissolving the bonds of matrimony for extreme and repeated cruelty on the complaint of the wife was entered. The mother was awarded custody of Evelyn, then 11 years of age, with right of visitation to the father. The decree required that defendant pay to plaintiff $16.50 each week for the support and maintenance of Evelyn "including reasonable medical bills incurred" in her behalf, "any extraordinary medical expenses to be borne by defendant."

On May 31, 1961, plaintiff filed a petition stating that Evelyn, who was then 17 years of age, was graduating from Lindbloom Technical High School in Chicago, had been accepted for admittance to Ohio State University, Columbus, Ohio; that plaintiff does not have sufficient funds to pay the yearly "tuition fees" of $1640; that defendant refuses to assist in defraying these additional expenses of Evelyn; that plaintiff incurred additional obligations on behalf of Evelyn of $42 for the purchase of eyeglasses and $400 for dental services which defendant refuses to pay; and that defendant is employed, has "substantial income" and is well able to maintain Evelyn and defray her dental and college expenses. She requested that he be ordered to pay $400 for dental expenses, $42 for eyeglasses, $1640 for tuition to Ohio State University and reasonable attorney's fees.

On May 31, 1961, the court ordered that the decree be modified to require defendant to pay to plaintiff for the "next four years" the sum of $100 per month "while the child is pursuing an education," and that he pay in installments to plaintiff $400 out of $631 incurred for medical expenses. The order was entered on due notice to defendant and recites that the chancellor was fully advised in the premises and that the parties were present in open court. On June 30, 1961, defendant filed a petition asking that the order of May 31, 1961, be vacated and that he be given a bill of particulars setting out the medical and dental bills incurred for Evelyn. In this petition he says that he is "unable to support" Evelyn until she reaches the age of twenty-one, that the Divorce Act does not require that a parent support a "normal child" after she reaches her majority and that the order in that respect is unconstitutional. He further asserts that there is no evidence that the child will be unable

**165**

to maintain herself after she reaches 18 years of age or that she is likely to become a public charge.

The chancellor denied defendant's petition of June 30, 1961. He appealed to the Supreme Court on the ground that the order of May 31, 1961, is contrary to provisions of the Illinois Constitution. The Supreme Court decided that it did not have jurisdiction to entertain the appeal because the chancellor did not pass on a constitutional question and transferred the case.

In the recent case of Maitzen v. Maitzen, 24 Ill App2d 32, 163 NE2d 840, we reviewed the authorities and affirmed an order requiring a divorced father to pay for four years college education of his 17 year old daughter. Every contention presented by the defendant in the instant case was advanced by the appellant in the Maitzen case. We adopt the opinion in that case as authority sustaining the order requiring the defendant here to contribute an additional amount toward the university education of Evelyn for a period of four years. We do not have a complete report of the proceedings. The chancellor certified that the partial report of proceedings does not contain any of the evidence introduced by the parties in the hearing resulting in the order requiring the additional payments.

Upon appeal every reasonable intendment not negatived by the record will be indulged in support of the judgment, order or decree. Error is never presumed by a reviewing court but must be affirmatively shown by the record. Union Drain. Dist. v. Hamilton, 390 Ill 487, 493-4, 61 NE2d 343. The defendant does not bring a complete report of proceedings showing the testimony and exhibits. In this situation we presume that the omitted part of the report of proceedings justifies the order. Vinyard v. Barnes, 124 Ill 346, 16 NE 254; City of Chicago v. Tearney, 187 Ill App 441; Adair v. Adair, 51 Ill App 301. These

166

comments apply with equal force to the part of the order that the defendant pay $400 for dental expenses for Evelyn.

The orders of May 31, 1961, and June 30, 1961, are affirmed.

Orders affirmed.

BRYANT, P. J. and FRIEND, J., concur.