**Eleanor Crane, Plaintiff-Appellant, v. Wesley T. Crane, Defendant-Appellee.**

**Gen. No. 49,259.**

First District, First Division.

January 21, 1964.

Rinella and Rinella, of Chicago, for appellant.

Philip J. Slotnikoff, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this action a petition was filed in a divorce proceeding seeking a post decretal order requiring defendant to pay expenses incident to a college education for a daughter who had reached her majority. The chancellor dismissed the petition on the sole basis that he had no jurisdiction to entertain the petition and this appeal followed.

The parties were married on June 11, 1937, and resided together until the 16th day of October, 1960. Three children were born of this marriage. On January 3, 1961, a decree for divorce was entered in which the mother (plaintiff) was awarded custody of the two minor children, subject to the right of reasonable visitation by the father. The decree further recited that the settlement agreement and the respective releases entered into by the parties "concerning the settlement and disposition of certain rights and obligations with respect to support, maintenance and proprietary interests" were found to be fair, just and equitable and provisions were made in the decree

according to the terms of the settlement agreement. Thereafter, on October 2, 1962, an order was entered pursuant to the agreement of the parties giving custody of Lynn, the minor daughter who was then over seventeen, to the father.

Subsequently, on June 21, 1963, after Lynn had attained her majority, plaintiff petitioned the Circuit Court for an order requiring the defendant to pay and defray the expenses incident to a college education for the daughter. The petition recited that when custody of Lynn was given to the father, the defendant represented to the court that he would pay and defray all the costs and expenses incidental to a college education for the minor child, but notwithstanding such promise, he refused to do so after the child reached her 18th birthday; that Lynn had "reached such an educational level as to warrant the furthering of such education at the college or university level, that she has made application and been received at the University of Miami; that the Respondent is well able and capable of paying and defraying the costs of such expenses and that justice and equity demand that an Order of Court should be entered requiring the Defendant and Respondent to furnish and to pay and defray the costs and expenses by said child at the University of Miami."

The sole question presented by this appeal is whether the trial court improperly dismissed the petition on the grounds that it had no jurisdiction to act upon the question of support and education of the child on a petition filed after she reached her majority.

Divorce and custody of children and matters of their support are creatures of statute, and they exist only by reason of legislative action. Jurisdiction of the subject matter is the power of the court to hear and determine the issues involved in the case. The plaintiff contends that the Divorce Act gives authority to

the court for the relief sought. We therefore turn to the pertinent portions of the Divorce Act which provides under Chapter 40 § 14 (1963) headed Custody of Children, as follows:

> [t]he court may . . . make such order *concerning the custody and care of the minor children* of the parties during the pendency of the suit . . . and may award the *custody of the minor child or children* of the marriage . . . and may make such provision for the education and maintenance of the child or children out of the property of either or both of its parents. . . . (Emphasis ours.)

Under § 19 it provides that the court upon granting a divorce,

> . . . may make such order touching . . . the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. . . .

It is plaintiff's position that the question presented to us has previously been decided favorably to plaintiff and counsel cites Freestate v. Freestate, 244 Ill App 166; Strom v. Strom, 13 Ill App2d 354, 142 NE2d 172 and Maitzen v. Maitzen, 24 Ill App2d 32, 163 NE 2d 840, which he says are controlling here.

In Freestate v. Freestate, 244 Ill App 166, the mother was given the care and custody of the *minor invalid child,* but no provision was made for the support and maintenance of the child. The Appellate Court held that the trial court had jurisdiction in the divorce action to enter an order against the father, ten years after the time the divorce was entered, for the support of his *invalid daughter* although she was 23 years of age. In Strom v. Strom, 13 Ill App2d 354, 142 NE2d 172 the trial court had denied the requested

319

provision for the child's education beyond the period of her minority on the ground that it had no jurisdiction. The Appellate Court concluded that, "it is the obligation of a parent of ample means to support *a child incapable of self support* beyond the period of that child's minority and that this obligation includes the duty to provide not only care and bare necessities, but also a college education where that appears desirable in order to better equip the child for adult life." It is to be noted that the petition requesting an order for a college education was filed in the Strom case for a fifteen-year-old child who was stricken with poliomyelitis. In Maitzen v. Maitzen, 24 Ill App2d 32, 163 NE2d 840, the Appellate Court upheld an order requiring the father to pay $150 per month for a period of four years for the college education of his seventeen-year-old daughter.

 As a general rule, liability of a spouse in a divorce action for support of a child continues during its minority and is terminated by the child's coming of age. ILP Divorce § 218; Rife v. Rife, 272 Ill App 404; 162 ALR 1085.

Besides illness or incapacity of a child there appear to be two other situations under which a court will retain jurisdiction to order a divorced father to pay for the support, including the college education of an adult child. The first of these is where the father entered into a written agreement to pay for the college education of his child which was then evidenced by an order of the court or by the divorce decree. The court will then order the divorced father to carry out the terms of his agreement even though the child has reached his or her majority. Robrock v. Robrock, 167 Ohio St 479, 150 NE2d 421; Dunham v. Dunham, 189 Iowa 802, 178 NW 551. The theory which evidently underlies this power is that once the divorce court has succeeded in acquiring jurisdiction it can retain

such jurisdiction to carry out an agreement between the parties even though the child has attained his or her majority.

The continuing jurisdiction of a court to carry out its own orders issued during the child's minority provides the second exception to the general rule. Thus in Esteb v. Esteb, 138 Wash 174, 244 Pac 264 the trial court was petitioned by the mother for an increase in support payments by the divorced father in order that the minor child could attend college. The court after discussing the benefits to be gained by a college education went on to order the father to pay "$60 per month until she (the minor daughter) became of age, 21 years." The court recognizing that under the great weight of authority it would lose its jurisdiction after the child came of age, thus ordered a fund to be built up during the child's minority. Some courts using this same principle have extended their jurisdiction even further. In Hart v. Hart (Iowa), 30 NW2d 748, the trial court was upheld in its modification of a support decree for the purpose of allowing the parties' *minor* sons to attend four years of college. In that case, as in Maitzen, the court acquired its jurisdictional basis at a time when the child or children were still minors.

In the case at bar, however, the petition in question was not filed in the divorce proceedings until after the girl attained her majority. Lynn Crane, the child involved in this case, is a healthy young lady, and in addition there is no allegation in the plaintiff's petition that the father had made any formal agreement of record to pay for his daughter's college education. In the absence of the factors of minority, accord or disability we are unable, as was the plaintiff in her brief, to find any case which would allow the trial court to assume jurisdiction.

For the reasons here indicated we hold that the chancellor correctly held that under §§ 14 and 19 of the Divorce Act the jurisdiction of the court under the circumstances in the instant case terminated upon the child attaining her majority. The order of the Circuit Court is therefore affirmed.

Affirmed.

MURPHY, J., concurs.

ENGLISH, P. J., dissenting:

As stated by my colleagues, the sole question to be determined on this appeal is the jurisdiction of the court to entertain plaintiff's petition requesting an order on defendant to pay for the college education of the parties' eighteen-year-old daughter. Having thus declared the question to be one of jurisdiction, the majority appear then to decide the case on the basis of their conception of the proper limits of discretion for the exercise of that jurisdiction, the existence of which they ultimately deny. They hold that in the absence of "minority, accord or disability" jurisdiction is lacking. Yet, surely the court cannot create jurisdiction for itself to order payments during majority by the simple expedient of entering the order before the child comes of age; nor can an accord of the parents confer on the court a jurisdiction otherwise absent; nor can the particular needs of a particular child, such as those arising from physical disability, limit the jurisdiction of the court so as to prevent its inquiry into whatever other special circumstances may exist in other cases to justify exercise of its discretion in favor of ordering child support after majority.

It is true, as the majority say, that "[a]s a general rule" child support terminates when the child comes of age. This Division recently restated that point in Snip v. Snip, 35 Ill App2d 427, 431, 183 NE2d 175, but

in the same opinion we recognized that it would be otherwise if special circumstances were present, such as existed in Strom v. Strom, 13 Ill App2d 354, 142 NE2d 172 and Maitzen v. Maitzen, 24 Ill App2d 32, 163 NE2d 840.

As to the necessity of filing a petition prior to a daughter's eighteenth birthday, I simply cannot believe that equity jurisdiction can be made to depend upon so unfair and insignificant a thing. If any young girl is to be denied the far-reaching benefits of a college education simply because a petition on her behalf (the filing of which is beyond her control) is filed on the day of her eighteenth birthday rather than the day before, then there is more substance than I am ready to concede to the well-known lay criticism that the courts have separated themselves from the practicalities of life in the society they judge. Instead of foreclosing a child's right to petition for college expenses immediately upon coming of age, I should think that, consistent with the time allowed for the assertion of minor's rights in other fields of law, the allowance of a reasonable period after majority would be essential to equity, so that, if necessary, a petition might be presented by the child on his own behalf. For certainly there might be situations in which neither parent would have any interest in the child's education, and on that account the matter would never be brought to the attention of the court until, under our decision in this case, it would be too late, and the court would be powerless to act even though the best interests of the child might be manifest.

As a matter of fact, the majority cite with apparent approval the case of Freestate v. Freestate, 244 Ill App 166, in which the court ordered child support even though the petition was filed when the child was 23 years old. The internal inconsistency of the majority opinion in this regard is apparent, for if a court were

without jurisdiction to act in one case of a petition filed after majority, it would have to be without jurisdiction in all such cases.

The only attempt which the majority make to distinguish the Maitzen decision from the case now before us is by repeated references to the fact that the petition in that case was filed while the child was still a minor. As I have indicated, I consider this to be of no consequence. Nor did the court in Maitzen consider this fact to be of any importance. The masterful Maitzen opinion written by Justice Schwartz (concurred in by Justices Dempsey and McCormick) took no such narrow view of the jurisdiction problem. It stated flatly: "The question presented to us is whether in a divorce case a parent may be ordered to provide a college education for an adult child." (Page 34.) The affirmative answer which it gave was bottomed on the inherent power of equity over children of broken homes, and cases supporting this proposition were referred to with citations going back more than 100 years. The decision was not based on any powers granted by the Divorce Act, the only question in that regard being whether the Act had taken away a jurisdiction of the court which it had previously possessed. The pertinent part of Section 19 (ignored by the majority here) provides that the court may "from time to time make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." In holding that the historical equity power had not been withdrawn, the court found that the meaning of the word "children" in this section was not limited in its application to "minor children," a term which could have been used by the legislature if it had so intended, and which was, in fact, employed elsewhere in the Divorce Act as well as in numerous other statutes.

Similar interpretations had been given in Strom and Freestate. As pointed out in the Maitzen opinion (page 37), the legislature had let more than one opportunity pass by without amending the Act after these decisions had been rendered, and, not having amended the statute, "it is presumed that the court's construction is in harmony with legislative intent. (Citing cases.)" Since the filing of that opinion (which received wide circulation) there has been another regular session of the legislature and the interpretation remains undisturbed. See also Rockford Memorial Hospital Ass'n. v. Whaples, 25 Ill App2d 79, 88, 165 NE2d 523.

Freestate involved an invalid child, but soon after that decision, in a case not concerned with disability, this court indicated that it would not be unreasonable (and, as a necessary correlative, not beyond the jurisdiction of the divorce court) to order a father to pay for his child's education past her minority where the need of the child and the income of the father were such as to make it appropriate. It was not so ordered in that case only because of insufficient parental income. Wagner v. Wagner, 248 Ill App 358, 360.

Then followed Strom, dealing with a physically afflicted child, but in Maitzen there was no illness or incapacity on the part of the child concerned.

Nor was there any agreement between the parents in Maitzen. Since we are concerned here with jurisdiction of the subject matter and not of the person, it would be impossible for the parties, by their agreement, to vest the court with a jurisdiction it did not possess. Bratkovich v. Bratkovich, 34 Ill App2d 122, 127, 180 NE2d 716 (First District); Abbott v. Lee, 13 Ill App2d 296, 142 NE2d 138; and other cases cited in ILP Courts § 19.

After Maitzen came O'Berry v. O'Berry, 36 Ill App2d 163, 183 NE2d 539, a unanimous decision of the Second

Division of this court, approving an order on the father to pay for four years a substantial part of the tuition of his "normal child" at Ohio State University. Defendant there raised the point that he should not be required to support an adult daughter unless it be shown that she would be unable to maintain herself after reaching majority. The court disposed of this contention by reference to similar argument raised in the Maitzen case, and said: "We adopt the opinion in that case as authority sustaining the order requiring the defendant here to contribute an additional amount toward the university education of (his daughter) for a period of four years."

Another case in which this court approved the validity of an order requiring a form of child support to continue past majority is Saxon v. Saxon, 24 Ill App 116, 120, 164 NE2d 248. There the father had been ordered in 1955 to pay life insurance premiums until 1964 on a policy under which his daughter Linda was the beneficiary. She became of age in 1957 and was married. Thereafter the defendant petitioned to be relieved of making the payments and his petition was denied. On appeal this court, by Justice Kiley, said:

> We see no merit, either, in the contention of defendant on appeal that the court had no jurisdiction to order defendant to pay the premiums on the life insurance for benefit of an adult child. The fact that Linda was an adult at the time of the order is not vital. Maitzen v. Maitzen, 24 Ill App2d 32, 1st Dist.

The Illinois cases do not stand alone. A number of authorities from other states were cited in Maitzen, and in 36 New York University Law Review 634 (1961), citing Maitzen, the comment was made that "in the area of child support, there is a decided trend

to order the father to provide for college education." [1] It is a truism that in this country the luxuries of yesterday are the necessities of today, and it would seem that the matter of higher education, more than almost any other subject, equates itself completely and appropriately with Justice Holmes' "felt necessities of the time."

In mentioning such a trend and development of the law I do not, myself, mean to be confusing the issue of jurisdiction with the issue of proper discretion in the ordering of payments for college education. It should be obvious, I believe, that the trend referred to could not be taking place in the absence of the requisite jurisdiction.

I would reverse the order of the Circuit Court.

[1] Article by Henry H. Foster, Jr., Professor of Law at the University of Pittsburgh School of Law.